■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANNIBAL MARRERO, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Marano, J.), entered October 28, 1980, which granted defendant's motion to dismiss the indictment on the ground that defendant had been denied a "speedy trial". Order reversed, on the law, motion denied, and indictment reinstated, without prejudice to renewal of the motion upon compliance with CPL 210.45. A motion to dismiss an indictment for failure to comply with CPL 30.30 must be made in writing and upon reasonable notice to the People (see CPL 210.45; *People v Ryan,* 42 AD2d 869; *People v Weinberg,* 59 AD2d 727). Examination of the record on appeal reveals that this requirement was not followed here. Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK McGUIRE, Appellant. — Judgment of the Supreme Court, Richmond County (Barlow, J.), rendered May 2, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Gulotta, Weinstein and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL A. MILES, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Fromer, J.), rendered June 18, 1980, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and this case is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Viewing the facts most favorably to the People (*People v Benzinger,* 36 NY2d 29, 32), we find that the evidence was insufficient to support the conviction of the crime of burglary in the second degree. (See Penal Law, § 140.25.) Defendant had had free access to the subject apartment by permission of the tenant-occupant. No evidence was adduced to show that such permission was ever revoked. Therefore, it was never proven beyond a reasonable doubt that at the time of the alleged offense defendant knowingly entered into, or remained upon, the premises when he was not licensed or privileged to do so. (See Penal Law, § 140.00, subd 5; § 140.25.) Accordingly, the conviction must be reversed and the indictment dismissed. Hopkins, J. P., Mangano, Rabin and Cohalan, JJ., concur.