214

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
JOSEPH P. LEONARDO, Respondent.

Fourth Department, October 29, 1982

APPEARANCES OF COUNSEL

*Richard J. Arcara, District Attorney* (*John J. DeFranks*
and *Louis A. Haremski* of counsel), for appellant.

*Rose H. Sconiers* (*Joseph B. Mistrett* of counsel), for
respondent.

OPINION OF THE COURT

HANCOCK, JR., J.

The People appeal from the dismissal of an indictment of defendant on several charges arising from an incident in which, in a suburban neighborhood, defendant fired a rifle at a tree and wounded an 11-year-old girl watching a game in the baseball field beyond.

The indictment contained four counts:

(1) assault, first degree (Penal Law, § 120.10, subd 1, with intent to cause serious physical injury, causing such injury by means of a deadly weapon);

(2) assault, first degree (Penal Law, § 120.10, subd 3, under circumstances evincing a depraved indifference to human life, recklessly engaging in conduct creating a grave risk of death and causing serious physical injury);

(3) reckless endangerment, first degree (Penal Law, § 120.25, under circumstances evincing a depraved indifference to human life, recklessly engaging in conduct creating a grave risk of death); and

(4) criminal possession of a weapon, fourth degree (Penal Law, § 265.01, subd [2], possessing a deadly weapon with intent to use it unlawfully against another).

The proof before the Grand Jury, summarized, shows that on a warm Tuesday afternoon, May 6, 1980, in Amherst, New York, defendant, then 32 years old, loaded one bullet into his father's .22 caliber rifle. Taking it outdoors, he aimed the rifle at a tree beyond which, he knew, was the baseball diamond of Park School. He pulled the trigger. The bullet missed the tree, striking and seriously injuring 11-year-old Kristin Hyland, who was watching her brother play in an after-school baseball game. Defendant took the rifle indoors, cleaned it to remove all traces of the firing, and put it away in its case. When police questioned him soon after the incident, defendant denied any involvement. His arrest took place over a year later, after he confessed to a counselor at a crisis center and then to the police. He told Detective Giambra of the Buffalo Police Department that he had been "target shooting at a tree". In his subsequent written confession he stated that he had been "surprised and scared" when the gun fired because he had thought that he had unloaded it.

■ We agree that the record does not support any of the crimes charged. There is no showing of intention to cause serious physical injury, a necessary element of count one, nor of intention to use a weapon unlawfully against another, necessary to sustain count four. Turning to counts two and three, in the absence of proof that defendant saw or heard people in the vicinity or was in some way aware of their actual presence in the park, the record does not warrant a finding of a necessary element of these counts, i.e., that defendant's conduct evinced a "depraved indifference to human life" (cf. *People v Jernatowski,* 238 NY 188, in which defendant shot through a window into a house which he knew to be occupied; *Darry v People,* 10 NY 120, 146, in which the act of shooting into a crowd is discussed as an example of depravity; *People v Robinson,* 43 AD2d 963, in which defendant, believing the gun to be unloaded, shot directly at a person; *People v Graham,* 41 AD2d 226, in which defendant fired a loaded gun, intentionally missing a woman by inches, to frighten her). Counts two and three must also fall.

But a court may grant a motion to dismiss an indictment or any count thereof only if the evidence is "not legally sufficient to establish the offense charged or *any lesser included offense*" (CPL 210.20, subd 1, par [b]; emphasis added). The remaining question, then, is whether the evidence supports a lesser included offense of any of the crimes charged. An offense of lesser grade or degree is a lesser included offense provided that "in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (*People v Glover,* 57 NY2d 61, 63; see CPL 1.20, subd 37). Where, as here, the crimes charged involve mental culpability, we must apply the rule as stated in *People v Green* (56 NY2d 427, 433) that when "the elements of the lesser offense (i.e., result and underlying conduct) are identical with the requisite elements of the greater crime and the only thing that differs between the two crimes is the culpable mental states, the CPL definition of 'lesser included offense' is nevertheless satisfied since the lower forms of mental culpability are necessarily subsumed within the higher mental states." (See, also, *People v Stanfield,* 36 NY2d 467.)

Here, four crimes, involving the same conduct and result[1] as the crimes charged, but lower degrees of mental culpability, are lesser included offenses under *Glover* and *Green* (*supra*): assault, second degree (Penal Law, § 120.05, subd 4, recklessly causing serious physical injury by means of a deadly weapon) and assault, third degree (Penal Law, § 120.00, subd 3, causing physical injury with criminal negligence by means of a deadly weapon), both under count one; assault, third degree (Penal Law, § 120.00, subd 2, recklessly causing physical injury) under count two; and reckless endangerment, second degree (Penal Law, § 120.20, recklessly creating a substantial risk of serious physical injury) under count three. Because there is no appropriate lesser included offense of the fourth count (criminal possession of a weapon, fourth degree), it was properly dismissed.

Whether the facts before the Grand Jury support any of these lesser included offenses becomes the critical question. The test is whether there has been a "clear showing" that the evidence if unexplained and uncontradicted would not warrant a conviction by a trial jury (see *People v Rallo,* 46 AD2d 518, 527, affd 39 NY2d 217; *People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573). The evidence must be viewed in the light most favorable to the People (see *People v Termini,* 65 AD2d 825, 826; *People v Sacco,* 64 AD2d 324, 327).

Applying the test to the lesser included offenses here, can it be said that the evidence, viewed most favorably to the People, could not sustain a finding of recklessness, the necessary element for a lesser included offense of each of the three counts?[2] To establish recklessness the People

---

1. We reject defendant's argument that the crimes involving "physical injury" may not be lesser included offenses of the crimes of higher degree involving "serious physical injury" because, applying strictly the test in *People v Glover* (57 NY2d 61), it is theoretically possible that a crime resulting in "serious physical injury" would not *always* result in "physical injury". "Serious physical injury" denotes a degree of physical injury, not a separate, distinguishable type of harm. We conclude that it is not possible to inflict "serious physical injury" without also inflicting "physical injury" (see CPL 1.20, subd 37).

2. Because we find that the evidence supports assault, second degree (Penal Law, § 120.05, subd 4, reckless assault), the higher of the two lesser included offenses of count one, thus saving that count from dismissal, we need not concern ourselves with assault, third degree (Penal Law, § 120.00, subd 3, criminally negligent assault), the lower of the

must show (1) that defendant was "aware of and consciously disregard[ed]" a risk that injury would occur; (2) that the risk was "substantial and unjustifiable"; and (3) that disregard thereof "constitutes a gross deviation from the standard of conduct that a reasonable person would observe" (Penal Law, § 15.05, subd 3). We have little difficulty in deciding that firing a gun in a suburban community under the circumstances created "a substantial and unjustifiable risk" and that, assuming that defendant was aware of the risk and disregarded it, such disregard would have constituted a "gross deviation from the standard of conduct that a reasonable person would observe". Whether defendant *was* "aware of" and *did* "consciously disregard" the risk are closer questions. We conclude that there is sufficient evidence to support these elements as well.

While defendant's state of mind is the critical element in determining whether he perceived and disregarded the risk of harm, "objective evidence of the surrounding circumstances may be weighed in making the factual determination" (*People v Licitra,* 47 NY2d 554, 559; see *People v Stanfield,* 36 NY2d 467, 472, *supra*). Relevant factors include defendant's age (32 at the time of the incident), that he reasonably should have known that the gun was loaded (he admits loading it), the fact that he intentionally — not accidentally — aimed it at a tree and pulled the trigger, his familiarity with the gun and with guns in general (as evidenced by the fact that he loaded it, fired it, and cleaned it to remove traces of the firing), his awareness of the proximity of the school and the baseball field (it appears that he lived across the street), and the fact that there would be people in the area on a warm afternoon after school during the baseball season. On this evidence a jury could properly conclude that defendant was aware of the risk inherent in his act and consciously disregarded that risk.

In view of the foregoing, the order should be modified by reinstating counts one, two and three of the indictment and as modified affirmed.

---

two. Were we to determine that the record does not warrant a finding of recklessness on the ground that it does not establish that defendant was aware of the risk, we would necessarily find that it supports a finding of criminal negligence based on his failure to perceive the risk.

DILLON, P. J., DENMAN, MOULE and SCHNEPP, JJ., concur.

Order unanimously modified by reinstating counts 1, 2 and 3 of the indictment, and as modified, affirmed.