OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 It cannot be said that the evidence was insufficient to sustain the charge of burglary in the third degree simply because the building housed attorneys’ offices and the front door was unlocked. Subdivision 5 of section 140.00 of the Penal Law provides that “A person who * * * enters or remains in or upon premises
 
 which are at the time open to the public
 
 does so with license and privilege unless he defies a lawful order not to enter or remain” (emphasis supplied). The jury could find on the evidence before it that though defendant’s entry was licensed, he was not licensed to remain because it was apparent after his entry from the time of the day and the absence of any persons in the reception area or individual offices that the building was not “at the time open to the public”.
 

 Nor was it error to decline to charge as requested that “the fact that defendant might have entered with criminal intent does not extinguish his otherwise existing license to
 
 *1011
 
 enter if the jury finds that such a license exists” (cf.
 
 People v Brown,
 
 25 NY2d 374). Under the circumstances of this case, the requested charge was irrelevant, the only issue being whether defendant remained after discovering that the apparent license to enter did not exist because the building was not at the time open to the public. On that question the charge as given was sufficient.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
 

 Order affirmed in a memorandum.