■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CZERMINSKI, Appellant. — Judgment affirmed. Memorandum: This appeal from a conviction for burglary, third degree (Penal Law, § 140.20), arises from an incident in which defendant, a police officer, while on duty and investigating what appeared to be a warehouse break-in, misappropriated two shovels and six driveway sealer applicators, worth about $10. We reject defendant's contention that his conviction must be reversed for failure of proof of a necessary element of the crime — viz., that he knowingly entered or remained unlawfully in or upon the premises — because his presence on the premises was privileged. Defendant's privilege as a police officer, like that of a fireman and unlike that of a person entering or remaining in or upon the premises open to the public who has a statutory privilege (Penal Law, § 140.00, subd 5; see *People v Brown,* 25 NY2d 374, 376), depends upon the purpose for which he enters or remains in or upon the property (see, generally, *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 191, affd 20 NY2d 921; *People v Manzi,* 21 AD2d 57, 59, 60; *Beedenbender v Midtown Props.,* 4 AD2d 276, 281). If the purpose is the performance of his public duty, the actions are privileged. If there is no such public purpose (as in the case of a policeman or a fireman remaining on property in order to commit a theft), there clearly can be no privilege. It was for the jury to determine whether at some point after his initial entry, which the People concede was privileged, defendant's purpose in remaining on or re-entering the premises was unrelated to the performance of his public duties and therefore unlawful (see *People v Powell,* 58 NY2d 1009).

All concur, except Denman and Green, JJ., who dissent and vote to modify the judgment, in the following memorandum.

Denman and Green, JJ. (dissenting). Respectfully we must dissent. On this record, defendant is guilty of petit larceny but not burglary. The People have not proved beyond a reasonable doubt that the defendant lacked a license or privilege to enter or remain in the building (*People v Barton,* 18 AD2d 612; *Beedenbender v Midtown Props.,* 4 AD2d 276, 281). The defendant was a police officer, on duty, investigating what appeared to be a warehouse break-in. During the two minutes he was inside the building, he misappropriated two shovels and six driveway sealer applicators, worth about $10. The majority concedes that defendant's initial entry was privileged but relies upon *People v Powell* (58 NY2d 1009) for the proposition that whether defendant's license vanished was a jury question. However, defendant Powell's license was derived from his presence in a building apparently open to the public and it was reasonable to allow the jury to consider whether, in fact, the building was closed. Here however, the only basis upon which the jury could conclude that defendant Czerminski's license as a police officer vanished was to speculate on his state of mind once he entered. But a defendant's intent to commit a larceny, whenever formulated, does not extinguish his otherwise existing license to enter (*People v Brown,* 25 NY2d 374, 376; *People v Ennis,* 37 AD2d 573, affd 30 NY2d 535). The provisions of the Penal Law should not be so strictly construed as to extend penal responsibility beyond the fair scope of the statutory mandate (*People v Gottlieb,* 36 NY2d 629, 632). (Appeal from judgment of Supreme Court, Erie County, Flynn, J. — burglary, third degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.