OPINION OF THE COURT
Robert G. Hurlbutt, J.
Defendant moves for an inspection of the Grand Jury minutes and a dismissal of the indictment upon the ground of insufficient evidence before the Grand Jury, pursuant to GPL 210.20 (subd 1, par [b]).
The question before the court is whether the facts before the Grand Jury are sufficient to establish the offense charged or any lesser included offense. The test is whether the evidence, unexplained and uncontradicted, would warrant a conviction by a trial jury. (People v Leonardo, 89 AD2d 214, 217; People v Rallo, 46 AD2d 518, 527, affd 39 NY2d 217.) The evidence must be viewed in the light most favorable to the People. (People v Leonardo, supra; People v Sacco, 64 AD2d 324.)
The evidence before the Grand Jury was not sufficient to support a conviction for burglary, third degree, or any lesser included offense, and the motion must, therefore, be granted. It appears from the testimony of the alleged victim that he had contracted with defendant for the latter to paint a vacant house, and furnished defendant with the keys to the house to facilitate that project. The defendant was allowed access to the premises for the purpose of storing paint and equipment, and he was also going to *134 paint an interior ceiling. During the course of this arrangement the defendant took a number of items of personalty from the premises and sold them for the sum of $75.
To be guilty of burglary or of any lesser included charge of trespass, one must knowingly enter or remain unlawfully in or upon premises. (Penal Law, §§ 140.05-140.30.) A person knowingly enters or remains unlawfully when he is aware that he is not licensed or privileged to do so. (Penal Law, § 15.05, subd 2; § 140.00, subd 5.) In this case, the defendant clearly was licensed or privileged to be in the victim’s building. Neither the victim here nor any owner would ever intend that his permission to enter or remain would extend to accommodate a theft. However, the privilege to be within the premises is not negated by the formulation of criminal intent, or even the undertaking of criminal actions therein. (People v Insogna, 86 AD2d 979; People v Miles, 85 AD2d 610.)
In the recent case of People v Czerminski (94 AD2d 957) the Appellate Division, Fourth Department, held that a policeman who lawfully entered and remained in a warehouse for the purpose of investigating a break-in could be found guilty of burglary when, during a two-minute stay within the premises, he stole personal property. It might be argued that Czerminski (supra) stands for the proposition that criminal conduct does, ipso facto, terminate license or privilege to be within premises. That decision, however, appears to be founded on the narrow ground that the license or privilege of public servants, such as police officers and firemen, is one which is created by operation of law, not by any assent on the part of the owner. Since the license is created by the purpose for the officers’ presence, when that purpose is changed to an unlawful one, the privilege is extinguished. (People v Czerminski, supra.) Absent this peculiar nature of privilege by operation of law, the doctrine remains that a licensed or privileged entry or remaining is not transformed into an unlawful one upon the occurrence of criminal conduct on the part of the licensee. (People v Brown, 25 NY2d 374; People v Insogna, supra; People v Miles, supra.)
Upon reflection, it will be seen that not terminating one’s license or privilege upon his commission of criminal *135 conduct makes both practical and theoretical sense. A rule to the contrary would mean that an intoxicated house guest who loses his temper and intentionally smashes a vase becomes a burglar. Innumerable like examples can be imagined. Such was not the intent of the Legislature in creating the burglary statutes, all of which have trespassorial conduct as one essential element. Clearly, to constitute a burglary, this conduct must exist separately from and independently of the criminal intent element.
There being no evidence in this case that defendant’s license or privilege to be within the premises was at any time limited or terminated, his presence was not knowingly unlawful, and the charge of burglary in the third degree must be dismissed.