■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. POWERS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered August 28, 1986, upon a verdict convicting defendant of the crime of burglary in the third degree.

This case involved two Cornell University security patrolmen and a safe located in that university's athletic business office in Teagle Hall, a university-owned building. After experiencing the loss of money on a number of occasions apparently from the safe in the athletic office, the university authorities caused to be set up a hidden camera with a view of the safe. Movement triggered the operation of the camera causing the camera to take sequential photographs with the use of infrared light. Shortly after midnight on December 9, 1985, the camera was set in operation and photographs revealed defendant and his codefendant, Kevin M. Rankin, opening the safe and examining the contents thereof. Both

were security patrolmen. The safe contained money bags which, at that particular time, contained nothing but shredded paper.

Both defendant and Rankin made statements to officers of the security force which implicated them in an attempt to commit larceny. The two men were indicted for the crime of burglary in the third degree. At the trial both defendant and Rankin conceded through a judicial admission that they "were at the business office of Teagle Hall on the Cornell University Campus on December 9, 1985, at about 12:19 A.M., and one of the purposes of such presence was to steal money from the safe at the business office". At the close of the prosecution's case, defendant and Rankin moved to dismiss the indictment contending that the presence of the two security patrolmen in Teagle Hall was licensed or privileged and, consequently, the entry into the building and their presence therein was lawful. The motion was denied, the case submitted to the jury and a verdict of guilty was handed down as to both defendant and Rankin.

Defendant appeals on essentially the same argument that he used in County Court. He contends that by the university's having given him certain keys which would permit entry to practically every building on campus, he had the lawful right to enter all such buildings. It was not disputed that he was given the necessary keys. However, the People contended that the authority to enter buildings was limited to the patrolman's necessary performance of a duty within the building but not to an entry for personal reasons.

The crime of burglary in the third degree is committed when a person "knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20). The issue as to whether defendant knowingly entered or remained unlawfully in the building was given to the jury to determine after an adequate charge as to the law. On this appeal, defendant does not contend that there was error in the charge. Viewing the evidence in the light most favorable to the People, we believe that there was sufficient evidence for the jury to conclude that defendant's entrance into Teagle Hall was neither licensed nor privileged (see, People v Powell, 58 NY2d 1009, 1010; People v Czerminski, 94 AD2d 957). Although the evidence was not entirely consistent, the jury could have concluded that a patrolman's usual duties did not require defendant to actually enter the business office of the athletic department; that defendant did not report the performance of any duty in Teagle Hall on his routine duty

report; that there was no university interest to be served by defendant's entry; and that the mere issuance of a key to a patrolman did not give him carte blanche to enter buildings on the campus. We conclude that the evidence established beyond a reasonable doubt that defendant's entry into Teagle Hall was without license or privilege and, therefore, was unlawful.

Judgment affirmed. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.