■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH EADY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the third degree (Penal Law § 140.20); criminal mischief in the third degree (Penal Law § 145.05); attempted grand larceny in the third degree (Penal Law § 110.00, former § 155.30 [1]); and possession of burglar's tools (Penal Law § 140.35). He was charged with attempting to pry open a bill-changing machine at the Genesee Hospital at 8:30 P.M. on May 5, 1986. He contends on appeal that the burglary charge should be dismissed because the hospital is, as a matter of law, a public place, and thus the evidence is insufficient to prove that he was unlawfully on the premises at the time of the crimes. He also contends that the criminal mischief charge should be dismissed because the proof of the amount of damage to the machine is insufficient to satisfy the threshold requirement (see, Penal Law § 145.05). Neither argument has merit.

Whether a building is "open to the public" is ordinarily a question for resolution by the trier of fact (see, People v Huntley, 140 AD2d 962; see also, People v Powers, 138 AD2d 806). The evidence, viewed in the light most favorable to the People, is sufficient to support a jury finding that the hospital was not open to the public after visiting hours ended at 8:00 P.M. The jury could fairly have concluded that, although defendant's entry into the hospital may have been licensed, he was not licensed to remain in the premises after visiting hours ended (see, Penal Law § 140.00 [5]; People v Powell, 58 NY2d 1009, 1010). We also find that the evidence is sufficient to prove that the cost of repair of the damaged machine exceeded $250 (see, People v Simpson, 132 AD2d 894, 895, lv denied 70 NY2d 937).

Defendant's other arguments on appeal are unpreserved for review. In any event, he was not denied a fair trial. (Appeal from judgment of Monroe County Court, Celli, J.—burglary, third degree, and other charges.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.