OPINION OF THE COURT
Harold Baer, Jr., J.
In this CPLR article 78 proceeding, petitioners make the unusual, perhaps unheard of claim that the City of New York performed a municipal function with excessive speed. Petitioners challenge an assessment for sidewalk repairs. Respondents (hereinafter the City) seek to dismiss on Statute of Limitations grounds and counterclaim for the cost of the repairs.
Petitioners claim that on or about August 3, 1988, they received a notice to repair sidewalk with respect to certain premises. The notice, dated June 27, 1988, was delivered to a superintendent at the premises. The notice was received by petitioners at their offices on August 4, 1988. On August 9, 1988, a City contractor began the repair work, for which petitioners received a bill with date of entry of December 28, 1988 in the amount of $5,989.34. The bill has not been paid and the City has posted a lien against the premises for the sum due.
Petitioners contend that this scenario violated the Administrative Code of the City of New York. Section 19-152 (c) thereof provides that when the City determines that a sidewalk repair is needed, it may order the owner of abutting property to perform the work. Subdivision (e) of that section provides that if the owner fails to comply with the order generally within 30 days of service, the City may perform the work, the cost of which (together with administrative expen *216 ses) shall constitute a debt receivable from the owner by lien or otherwise. Upon proper entry, the lien becomes superior to all liens or encumbrances other than taxes. Subdivision (f) provides that service is to be made personally or by certified or registered mail, return receipt requested. Petitioners assert that proper service was not made and that they were not afforded the 30-day period within which to effect the repairs themselves. Therefore, petitioners claim that the City acted in excess of its jurisdiction, in violation of lawful procedure and arbitrarily and capriciously.
The City furnishes an affidavit from an official of the City’s contractor. The affidavit describes the office procedure for mailing of notices to repair and states "upon information and belief’ that the notice in question was mailed in this fashion. It is conceded, however, that the return receipt slip was never received.
The City argues that the proceeding is time barred because it was not begun until April 28, 1989, seven months after the date of the notice. The four-month statute begins to run when a final and binding determination is made by an agency. (Matter of Martin v Roman, 44 NY2d 374 [1978]; Renley Dev. Co. v Town Bd., 106 AD2d 717 [3d Dept 1984]; Matter of Miller v McGough, 97 AD2d 416 [2d Dept 1983].) Petitioners here do not challenge the notice itself but the assessment and the assertion of it without proper notice. Therefore, the relevant act was the transmission of the bill on December 28, 1988. The proceeding is thus not barred.
Furthermore, the petitioners were not afforded an opportunity to challenge the notice even had they wished to do so since they were only given a few days between delivery and the commencement of work by the City. The City’s contention that the notice was mailed in compliance with section 19-152 (f) is unconvincing. The affidavit proffered is not from someone with direct knowledge of the mailing and is thus insufficient to raise a question of fact appropriate for a reference.
Nevertheless, I conclude that the petitioners cannot succeed. The failure of the City to demonstrate service in compliance with subdivision (f) and to afford petitioners the mandatory 30-day repair period defeats the City’s lien. However, subdivision (l) of section 19-152 provides that in addition to proceeding by way of a lien, the City may maintain a civil action to recover the cost of the work "provided, however, that in the event that the department performs the work without duly *217 notifying such person in the manner prescribed in subdivision f, the cost to the city of performing such work shall be prima facie evidence of the reasonable cost thereof.” Thus, the Code requires that if the City is to have the benefit of a priority lien, as well as a recovery of costs for administrative expenses, it must serve the owner as provided in subdivision (f) and allow him 30 days to make repairs on his own. Failure to do so however does not mean what the petitioners here would like — that the City can recover nothing from them and that petitioners obtain the windfall of a new sidewalk at no charge. Rather, noncompliance means that the City can have no lien, cannot recover administrative expenses and must bring an action. By doing the latter, however, it is authorized to recover the reasonable value of the work done. The Code appears to contemplate (the court has found no legislative history on this section) that service and a 30-day grace period constitute the norm. The Code in subdivision (l) does not undercut that intention since the City has a strong incentive to proceed by notice and by providing the grace period because by this route it obtains a priority lien for an amount that includes administrative expenses and is not obliged to bring a lawsuit.
Petitioners argue that their due process rights are being violated because property is being taken from them without notice and an opportunity to protest. This is not so. In this case petitioners received notice, though but of a few days. The fact is that had they received no notice and the City simply arrived and did the work, petitioners still received a bill and had an opportunity to challenge it. They can press that challenge in this court. Subdivision (l) provides that the cost to the City is prima facie evidence of the reasonable cost of the work; it is not conclusive evidence. Petitioners are free here to challenge the necessity for the work. They have not done so, apparently because they recognize the work was needed. They can challenge the extent of the repair and the cost sought to be charged to them by the City. This too they have not done. They do not state that the bill is inflated even by a dollar over what would be a reasonable charge for what was done. They have produced no affidavit from anyone to cast doubt upon the work or the bill. Nor do they assert that they tried to make but were barred from making a complaint about the substance of the bill before the agency. Petitioners’ entire attack is procedural. In my view, petitioners are not deprived of any property until the City commences an action *218 after the bill goes unpaid, proves that it performed the work and demonstrates that the cost of the work was reasonable. This is not a violation of due process. (See, In re Julfine Realty Corp., NYLJ, Apr. 29,1985, at 13, col 5 [Sup Ct, Wilk, J.].)
Accordingly, judgment shall be entered herein in favor of the City on its counterclaim in the amount of $5,989.34.