■ LILLIAN SERIL, Individually and as Executrix of NATHAN SERIL, Deceased, Respondent, v BUREAU OF HIGHWAY OPERATIONS OF THE DEPARTMENT OF TRANSPORTATION OF CITY OF NEW YORK, Appellant, et al., Defendant. [667 NYS2d 42] —Judgment, Supreme Court, New York County (Salvador Collazo, J.), entered August 7, 1996, awarding plaintiff, upon an assessment of damages, the sum of $937,966.82 against the City of New York, unanimously reversed, on the law and the facts, without costs, and the complaint as against the City dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Prior to 1994, plaintiff was the owner of a building located at 201-225 West 86th Street (also known as 2360-76 Broadway) on the upper West Side of Manhattan. The building occupies an entire square block between West 86th and 87th Streets, and Broadway and Amsterdam Avenue, and is completely surrounded by City-owned sidewalks. It is undisputed that in 1982, and again in 1985, plaintiff received violation notices from defendant Bureau of Highway Operations, a Division of the New York City Department of Transportation (City), directing the owner of 2360-76 Broadway to "Repair Sidewalk." Plaintiff alleges that after each violation she attempted to find out which particular portion of the sidewalk needed repairs, but the City never responded, thereby preventing her from cur-

ing the violations. Consequently, in 1987, the City commenced reconstruction of a major portion of the sidewalk abutting plaintiff's property. Plaintiff alleges that she attempted, albeit unsuccessfully, to thwart the City's reconstruction efforts because only 1,275 square feet of the entire sidewalk area of 20,000 square feet was in disrepair.

In October 1988, plaintiff commenced the instant action against both the City and defendant A & H Contracting Co. (A & H), the contractor hired by the City to do the 1987 repair work. The first, second and third causes of action, which are largely duplicative, alleged that the City was negligent in failing to particularize the area of the sidewalk that needed repairs and in refusing to provide such information upon request, in commencing reconstruction without notice to plaintiff, in undertaking unnecessary reconstruction of a large portion of the sidewalk which was not in disrepair and in performing the work itself in a negligent manner.

The second cause of action specifically alleged a violation of Administrative Code of the City of New York § 19-152 based on the lack of specificity of the violation notices. Administrative Code § 19-152 provides that when the City determines that a sidewalk needs repairs, it may, upon issuing a violation order, direct the owner of the abutting property to perform the work. (Administrative Code § 19-152 [c].) If the owner does not comply with the violation notice within the statutory period, the City may perform the work itself and charge the owner for the cost thereof, which debt may be entered as a lien on the property. (Administrative Code § 19-152 [e].) Plaintiff requests damages on the first cause of action for sums required to reimburse the City for the 1987 work pursuant to section 19-152, and for the cost of repairing that defective work.

In April 1991, plaintiff moved for partial summary judgment on the issue of liability. She alleged that, in addition to the 1982 and 1985 notices of violation, she received an additional notice in December 1990, directing her to repair the sidewalk that the City had already reconstructed in 1987. She argued that the City should be held liable for requiring, by way of the 1990 violation notice, that she repair the sidewalk that the City itself had demolished. Additionally, plaintiff now claimed that she had undertaken repairs on the same sidewalk in October 1986 at her own expense. In opposition, the City argued that based on plaintiff's claim that she had the sidewalk repaired in 1986, questions of fact existed as to how much work was done, whether such work was done properly and

whether it was accomplished via a City-issued permit. By order entered August 28, 1991, the IAS Court (Eugene Nardelli, J.) denied plaintiff's motion, finding questions of fact existed as to how much of the sidewalk needed repair, and as to the other matters raised in the City's opposition papers.

In October 1991, plaintiff moved for reargument claiming that the only issues relevant to liability were the sufficiency of the 1982 and 1985 notices. After granting reargument, the court reversed its determination, granted plaintiff partial summary judgment on liability and directed an assessment of damages. The court determined that the violation notices were inadequate, and that the City improperly "tore up and replaced the entire sidewalk" without giving plaintiff an opportunity to cure the violations. The court also stated that the City added "insult to injury" by issuing a new 1990 violation concerning its own defective work. The City never appealed this ruling.

The damages trial was held before a different Justice (Salvador Collazo, J.) on March 27 and 29, 1995. Plaintiff testified consistently with her earlier contentions, but admitted that the City never billed her for the 1987 reconstruction, that she undertook no repairs on the sidewalk after 1987 and that she had sold the building in 1994. She did allege that a lien resulting from the 1990 violation notice lowered the sale price of the property. In addition, plaintiff called an expert witness in sidewalk reconstruction who testified that at the time of the 1987 reconstruction, he was performing unrelated work for plaintiff and observed that the City's contractor poured the cement on a day when the air temperature was too high, which eventually caused the sidewalk to "spall," or form pockmarks. The expert cited other alleged errors by the City contractor. Both the plaintiff and the expert estimated the cost of repairing the defective sidewalk at $200,000. The City called no witnesses at the trial. After the completion of the evidence, plaintiff moved to amend the complaint to add causes of action in nuisance and trespass.

By written decision dated May 25, 1996, the trial court found that the City breached its obligations under the Administrative Code and City Charter, and its conduct constituted negligence, trespass and nuisance. The court awarded $250,000 for the "diminished value of the subject building" resulting from the defective reconstruction that, based on the 1990 violation notice, "will cost at least $200,000 to remove." It awarded another $250,000 as "replacement cost" for removing the sidewalk and installing a new one, which was plaintiff's "continuing obligation." The court made a third award of

$50,000 for the City's refusal to correct the condition it created and by placing a lien on the property which further diminished its value.

On appeal, the City argues that it may not be held liable to an abutting landowner for the inadequate repair of a City-owned sidewalk and that plaintiff cannot recover in any event because she failed to demonstrate any pecuniary loss from the City's reconstruction. We agree with the City in both respects and therefore reverse the judgment.

The court's finding that the City is liable for negligence was erroneous. It is axiomatic that a duty must exist before any liability may be imposed in negligence (*Pulka v Edelman*, 40 NY2d 781, 782). While a municipality plainly owes a duty to the public to maintain the sidewalks in a reasonably safe condition (*D'Ambrosio v City of New York*, 55 NY2d 454, 462), there is no duty to maintain the sidewalks in a condition acceptable to the abutting landowner. Only in certain narrow circumstances may an abutting landowner recover consequential damages from a municipality for construction work on contiguous sidewalks or thoroughfares, such as where the municipality's actions diminish the value of the property by changing its grade (*see, Selig v State*, 10 NY2d 34, 39), or by unreasonably prolonging the construction work (*see, Farrell v Rose*, 253 NY 73, 76). In the instant matter, plaintiff has neither pled nor proven an analogous alteration of her property, or that the City's construction obstructed access to it.

The real harm claimed by plaintiff is that the City made unnecessary and defective repairs on the sidewalk abutting her premises, and that she *may* be liable for those repairs at some point in the future pursuant to Administrative Code § 19-152. However, notwithstanding the three notices issued to plaintiff, she has never been billed by the City for the 1987 reconstruction work, or for any other repairs. Additionally, she admits that she sold the building in 1994 and therefore, despite the IAS Court's conclusion, she no longer is burdened by the statutory obligations of an abutting landowner.

Nor did the City incur any monetary liability by its inadequate compliance with the notice provision of Administrative Code § 19-152. The sole consequence of the City's inadequate notice was a waiver of the right to collect administrative expenses and its right to reduce the debt to a lien (§ 19-152 [e]; *Alizio v City of New York*, 146 Misc 2d 214, 216-217). Although the court apparently believed that such noncompliance barred the City from completing the work itself, subdivision (h) of section 19-152 states that "[n]othing contained in * * * section

[19-152] shall impair or diminish the power of the city" to make the repairs itself. Moreover, even where a landowner does not receive adequate notice, subdivision *(l)* of section 19-152 authorizes the City to commence a civil action to recover the cost of the work. In such instance, the cost of the work to the City creates no lien, but rather is only " 'prima facie evidence of the reasonable cost thereof' " (*Alizio v City of New York, supra,* at 217). Thus, the City's decision to reconstruct the sidewalk in 1987 was authorized by statute, and plaintiff's claim that she will be liable for the cost is without basis absent an attempt by the City to recover the same.

The trial court's finding of liability in nuisance and trespass was also error. Apart from the court's questionable decision to permit amendment of the complaint to include these claims after the trial on damages (*see, Symbax, Inc. v Bingaman,* 219 AD2d 552; *cf., Murray v City of New York,* 43 NY2d 400, 405), these claims also fail on the merits. Other than vague allegations of damage to certain grates and landings, which were never proven at the damages trial, plaintiff failed to allege or prove that the City's repair of the sidewalk involved an unauthorized entry onto her property and a wrongful use thereof, both indispensable elements of an action in trespass (*see, Augeri v Roman Catholic Diocese,* 225 AD2d 1105, 1106; *Chlystun v Kent,* 185 AD2d 525, 526). Nor did plaintiff prove that the City's reconstruction work substantially interfered with her use and enjoyment of her property so as to support her nuisance claim (*Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 568).

Even if any of the theories of liability were supportable, which they are not, the damage awards must be vacated since plaintiff failed to prove any pecuniary loss. Initially, the awards are duplicative insofar as they permit recovery for both the decline in value of the property *and* the cost of restoration (*see, Jenkins v Etlinger,* 55 NY2d 35, 39), as the proper measure of damages is the lesser of these two (*supra*). In any event, the first $250,000 award, based on plaintiff's claim that the 1994 sale price of the property was diminished by the City's negligent reconstruction of the sidewalk and the existence of the lien on the property (due to the 1990 violation notice), is unsupported by any evidence other than plaintiff's own statement. Notably, there is no evidence in the record as to how much the sale price was reduced by the condition of the sidewalk or the lien. Moreover, the January 1992 order granting partial summary judgment in plaintiff's favor essentially invalidated the lien premised on the 1990 violation notice.

Thus, the $250,000 award for diminished value was totally speculative and must be vacated (*Jenkins v Etlinger, supra,* at 40).

Similarly, plaintiff is not entitled to the $250,000 damages for the cost of replacing the sidewalk since she was never charged with the 1987 repairs and subsequently sold the property. An award of damages must be premised upon some injury, and plaintiff has not proven any. The third award for $50,000 also pertains to the diminished value of the property and therefore is duplicative of the first. Accordingly, the complaint must be dismissed as against the City. Concur—Murphy, P. J., Sullivan, Tom, Mazzarelli and Colabella, JJ.