Mamie L. HICKS, Rogers Hicks,
Annetta Rowe, Kimalin Jones,
Plaintiffs–Appellants,

v.

The CITY OF BUFFALO, The County
of Erie, United States of America,
John Doe 1–10, Being Fictitious
Names of Buffalo Police Officers or
Other Employees of the Buffalo Po-
lice Department Whose Identities are
Unknown to Plaintiffs, Sam Smith 1–
10, Being Fictitious Names Designat-
ing Erie County Sheriffs, Deputies
and/or Employees of the Erie County
Sheriff's Department, the Real Identi-
ties of Said Defendants Being Un-
known to Plaintiffs, Larry Cousins,
Timothy Higgins, Robert Rowe 1–10,
Being Fictitious Names of Agents
and/or Employees of the United States
of America, the Real Identity of Said
Defendants Being Unknown to Plain-
tiffs, Defendants–Appellees.

Docket No. 03–6199.

United States Court of Appeals,
Second Circuit.

Nov. 18, 2004.

Richard L. Baumgarten (Eric P. Doherty, on the brief), Buffalo, New York, for Plaintiffs–Appellants.

Allen Gerstman, Assistant Corporation Counsel (J. Richard Benitez, on the brief) for Michael B. Risman, Corporation Counsel, City of Buffalo, Buffalo, New York, for the City of Buffalo and the employees of the Buffalo Police Department, Kristin Klein Wheaton, Assistant County Attorney, for Frederick A. Wolf, Erie County Attorney, Buffalo, New York, for the County of Erie, Lawrence Cousins, and Timothy Higgins, Stephan J. Baczynski, Assistant United States Attorney (Lynn S. Edelman, on the brief) for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, New York, for the United States of America, for Defendants–Appellees.

Present: WINTER, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Mamie L. Hicks, Rogers Hicks, Annetta Rowe, and Kimalin Jones appeal from the judgment of the District Court (W.D.N.Y., Skretny, J.) granting defendants-appellees' motion for summary judgment, dismissing the complaint, denying plaintiffs' cross-motion for summary judgment, and denying plaintiffs' motions to take more discovery and to amend the complaint. The parties' familiarity with the facts and procedural history is assumed.

On appeal, we are asked to consider only: (1) whether the district court erred in granting summary judgment on plaintiffs' first cause of action against the City of Buffalo ("City"), Erie County ("County"), and the known and unknown individual defendants; and (2) whether the district

court erred in granting summary judgment on plaintiffs' fourth, fifth, and sixth causes of action as against the United States. There is no dispute that plaintiffs have waived their right to appeal any other aspect of the judgment against them, namely, the dismissal of their first cause of action as against the United States, the dismissal of the second and third causes of action in their entirety, and the dismissal of their fourth, fifth, and sixth causes of action as against the City, the County, and the individual defendants.[1]

For the reasons that follow we affirm.

■ As to the first cause of action—for violations of 42 U.S.C. § 1983, among other claims—we hold, as a preliminary matter, that the district court properly granted summary judgment in favor of the unnamed defendants, because the statute of limitations had run. Given this undisputed fact, the district court also properly denied, as futile, both plaintiffs' motion for additional discovery and plaintiffs' motion to amend the complaint to replace the unnamed defendants with named defendants.

■ With respect to the first cause of action against the City, we note that the City cannot be held liable for violations of 42 U.S.C. § 1983 under any general theory of respondeat superior. Rather, pursuant to *Monell v. Department of Social Services,* municipalities can be held vicariously liable for the alleged unconstitutional actions of its agents only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers" or is conducted "pursu-

---

1. We note that there are two independent grounds for holding that plaintiffs have waived their right to appeal these dismissals: (1) plaintiffs do not challenge these dismissals on appeal; and (2) plaintiffs previously failed to file, with the district court, any objection to those portions of the magistrate judge's Report and Recommendation recommending these dismissals. *See Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003).

ant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because the record is here bereft of any unconstitutional custom or practice on the part of the City, we hold that summary judgment on the first cause of action was properly granted in the City's favor.

The claim against the County fails for much the same reason. The *Monell* rule applies to counties, as well as cities, *see, e.g., Patterson v. County of Oneida, N.Y.,* 375 F.3d 206, 226–27 (2d Cir.2004), and, as was true with respect to their claim against the City, plaintiffs have failed to adduce meaningful evidence of any unconstitutional County policy or custom of arresting people in their homes without a warrant. Accordingly, the County cannot be liable under *Monell,* and summary judgment was properly granted in its favor on the first cause of action.

■ The Court holds that summary judgment on the first cause of action was properly granted in favor of Deputy Sheriffs Larry Cousins and Timothy Higgins, as well. Preliminarily, plaintiffs have waived any right to appeal the dismissal of the first cause of action against these two individuals. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003). Here, the magistrate concluded that both Cousins and Higgins were protected by qualified immunity and that the cause of action against them should, as a result, be dismissed. But the plaintiffs utterly failed to comment on, let alone object to, this conclusion; they challenged only the magistrate's determinations about the liability of the *County.* *See* Plaintiffs' Objections to Magistrate Judge's Report and Recom-

mendation of Sept. 28, 2001, at 21 ("[W]hile plaintiffs acknowledge that the County may not be held liable for the acts of officers under the doctrine of responde-at superior, the action against Higgins and Cousins for a 1983 violation based upon the underlying Fourth Amendment violation may proceed."). The district court specifically noted plaintiffs' failure to object to the magistrate judge's qualified immunity recommendation, and nowhere in their brief do the plaintiffs—who do not distinguish among the defendants—ever challenge that aspect of the district court's holding.

■ Even assuming, *arguendo,* plaintiffs had preserved their right to appeal the judgment for Cousins and Higgins, we would still hold that summary judgment was properly granted in their favor, because the record could not support a finding of liability against them. The only evidence indicates that Cousins (together with another deputy sheriff not named as a defendant in this action) was the first officer to interview Mamie Hicks, first on her front porch and on a second occasion—with her consent—in the foyer of her apartment. Plaintiffs do not allege that Cousins engaged in any wrongdoing while conducting these interviews, which occurred well before other officers made the warrantless search at issue in this case. Indeed, after the second interview, Cousins left to interview Patrick Lee and never returned to 235 Bissell Avenue. He also never went to 1295 West Avenue. There is no evidence indicating Cousins's involvement with the searches and alleged seizures that followed. Certainly, plaintiffs did not point to any such evidence in their objections to the magistrate's report, and we are aware of nothing in the record indicating that Cousins was supervising other officers on the scene or was otherwise responsible for their behavior. Hig-

gins had no personal involvement in any of the events at 235 Bissell Avenue, nor was he present when officers entered Annetta Rowe's apartment. Therefore, he cannot be liable for any aspect of the § 1983 claim that arises therefrom. As to Rowe's transportation to the police station to give a statement, the relevant question is whether Rowe voluntarily accompanied the officers to the station. *See California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983). Rowe submits that she was effectively arrested because she felt compelled by the totality of the circumstances to accompany the officers to the station. A person's custodial status is not determined by reference to her subjective reaction to particular circumstances. *See United States v. Newton*, 369 F.3d 659, 671 (2d Cir.2004). "The test for custody is an objective one: whether a reasonable person in [the same] position would have understood himself to be subjected to the restraints comparable to those associated with a formal arrest." *Id.* (internal quotation marks omitted). Rowe has failed to adduce evidence to meet this test. Nothing in the record contradicts the crux of Higgins's account of his interactions with Rowe: Higgins asked her to go to the station, and she said yes. There is no evidence of compulsion or curtailment of liberty. The fact that officers may have had probable cause to arrest her for aiding Hicks's escape, in violation of 18 U.S.C. § 752, does not alter our analysis. In short, because Rowe was always free to say no, there is no genuine dispute of material fact supporting her arrest claim. *See Newton*, 369 F.3d at 672 (noting that there is no Fourth Amendment "seizure" unless a reasonable person in the same circumstances would have believed he was not free to leave).

Having found that summary judgment was properly granted on the first cause of action as against all defendants, the Court turns to the only remaining claims in this case: the fourth, fifth, and sixth causes of action as against the United States. These claims are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which waives sovereign immunity with respect to any cause of action that could be brought pursuant to state law, in this case, New York State law. Plaintiffs allege that the United States is here liable under the Federal Tort Claims Act for the New York State torts of false arrest (the fourth cause of action), trespass (the fifth cause of action), and negligent supervision and training (the sixth cause of action).

■■ To prove false arrest, a plaintiff must demonstrate that "1) the officer intended to confine the plaintiff; 2) the plaintiff was conscious of the confinement and did not consent to it; and 3) the confinement was not otherwise privileged." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir.1996) (citing *Broughton v. State*, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975)). Having reviewed the record on this summary judgment appeal *de novo*, *see Huminski v. Corsones*, 386 F.3d 116, 132 (2d Cir.2004), we conclude that there is no evidence that any plaintiff was confined or subject to any form of restraint beyond that permissibly associated with the lawful search of the premises. *See Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Moreover, so far as plaintiff Annetta Rowe's claim against the United States is concerned, no Deputy United States Marshals were even involved in bringing Rowe to the Erie police station. Thus, the district court properly granted summary judgment in favor of the United States on the fourth cause of action.

■ The plaintiffs' trespass claim fares no better. To prove trespass under New York law, a plaintiff must show that a

defendant made an unauthorized entry onto private property that resulted in wrongful use of that property. *See Seril v. Bureau of Highway Operations of the Dep't of Transp.*, 245 A.D.2d 233, 667 N.Y.S.2d 42, 45 (1st Dep't 1997). However, police officers are privileged to enter private property without committing trespass when they do so for a public purpose. *See People v. Czerminski*, 94 A.D.2d 957, 464 N.Y.S.2d 83, 83–84 (4th Dep't 1983). And although a warrantless search cannot generally be said to serve a public purpose, such a search does serve a public purpose if there is valid consent to the search, *see Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), or if the search is otherwise justified by "exigent circumstances," *see United States v. Gordils*, 982 F.2d 64, 69 (2d Cir.1992).

We hold that exigent circumstances here justified the warrantless searches of both 235 Bissell Avenue and 1295 West Avenue. Timothy Hicks was quite reasonably presumed to be a dangerous man: he had not only been taken into custody for committing a violent crime, *viz.* bank robbery; he had a history of violent crime and mental illness; he was being held without bail, and he had escaped from custody, which is, itself, a felony offense under 18 U.S.C. § 751. Given the dangerous character of this fugitive, given the fact that 235 Bissell Avenue was Hicks's last known address (and the residence of his immediate family, one member of which had visited him within hours of his escape), and given the fact that 1295 West Avenue was inhabited by one of the only other relatives who had visited Hicks while in custody, the "totality of circumstances" demonstrated exigency sufficient to justify the warrantless searches of both those premises. *See United States v. MacDonald*, 916 F.2d 766, 769 (2d Cir.1990). Accordingly, summary judgment was properly granted in favor of the United States on the fifth cause of action.

Finally, the Court affirms the district court's grant of summary judgment on plaintiffs' sixth cause of action against the United States, for negligent supervision and training. Plaintiffs have waived their right to appeal this judgment, because they previously failed to file, with the district court, any objection to the magistrate's finding that negligent supervision of police officers is not a cognizable claim under New York law and thus not actionable under the Federal Tort Claims Act. And as stated earlier, "a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas*, 328 F.3d at 107. Even assuming, *arguendo*, that plaintiffs had preserved their right to appeal the dismissal of the sixth cause of action as against the United States, we would still affirm the district court's grant of summary judgment on this claim, because "[u]nder New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994). Since New York law does not recognize a claim for negligent supervision, no claim can lie against the United States under the Federal Tort Claims Act.

Accordingly, the judgment of the district court is **AFFIRMED**.