Dennis V. Tobolski Informal Opinion County Attorney No. 2006-4 Cattaraugus County 303 Court Street Little Valley, New York 14755
Dear Mr. Tobolski:
You have requested an opinion regarding whether emergency personnel, e.g., personnel of the Cattaraugus County Sheriff's Department and of the Cattaraugus County Emergency Services Department, may enter private property against the wishes of the owner of the private property, to search for lost individuals, rescue individuals, or recover bodies.
You have explained that accidents have frequently occurred at a gorge within the County in an area called the Zoar Valley. Access to the area is limited, and several routes that provide the fastest access for emergency personnel cross private property. The owner of property through which an access route passes has objected to emergency personnel entering onto his property to reach an accident site. You anticipate that owners of private property may similarly object to emergency personnel entering their property to provide emergency services to lost or injured individuals not known to the owners. You have explained that time is of the essence in such rescue attempts responding to emergency calls. You thus have asked whether these owners may prevent emergency personnel from accessing their property to provide emergency rescue services.[1] While we cannot determine whether the particular circumstances in any specific instance justify entry onto privately-owned land, we are of the opinion that, under certain circumstances, county emergency services personnel may enter private property without the consent of the land owner.[2]
While an individual may be liable for entering onto private property without the consent of the property's owner, see,e.g., Ivancic v. Olmstead, 66 N.Y.2d 349, 352 (1985) (elements of common law trespass); Penal Law §§ 140.05, 140.10
(criminal trespass), New York common law has established that "law enforcement personnel acting lawfully in the furtherance of their duty are excused from what may be otherwise trespassory acts." Hand v. Stray Haven Humane Soc'y, 21 A.D.3d 626, 628 (3d Dep't 2005); see also, e.g., People v. Czerminski,94 A.D.2d 957 (4th Dep't 1983) ("[A police officer's] privilege, like that of a fireman . . . depends upon the purpose for which he enters or remains in or upon the property [citations omitted]. If the purpose is the performance of his public duty, the actions are privileged."); People v. Manzi, 21 A.D.2d 57, 59 (1st
Dep't 1964) (police "certainly privileged" against trespass where they are expected to protect citizenry and property); cf.Wayne v. United States, 318 F.2d 205, 212 (D.C. Cir. 1963) ("The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency. . . . When policemen, firemen or other public officers are confronted with evidence which would lead a prudent and reasonable official to see a need to act to protect life or property, they are authorized to act on that information. . . .").
While this privilege has most often been recognized with respect to law enforcement officers, it has been recognized to apply to firefighters as well. See Czerminski,94 A.D.2d at 957. In our view, a justification for the privilege when exercised by police officers and firefighters — the protection of public health and safety — logically extends to other emergency services personnel whose public responsibilities require responding to and assisting in emergency situations. Cf.People v. Molnar, 98 N.Y.2d 328, 335 (warrantless entry by police officers was justified in emergency; "[t]he police were not functioning in a criminal arena, but [were] acting as public servants in the name of protecting public health and safety.");Wayne v. United States, supra.
The duties that have been held to give rise to such authority to enter onto private property without awaiting the consent of the property owner have been grounded in common law or statute.Compare People v. Gallmon, 19 N.Y.2d 389, 394 (1967) (holding that an arrest was lawful although the police officer did not announce his office and purpose before effecting an entrance; "the police officer's entry was pursuant to his general obligation to assist people in distress"), with Hand v. StrayHaven Humane Soc'y, 21 A.D.3d at 628 (investigator was statutorily authorized to enforce the provisions of Agriculture and Markets Law article 26; intrusion onto private property was thus for permissible purpose) and Edwards v. Law,63 App. Div. 451 (2d Dep't 1901) (city civil engineer authorized by statute to conduct survey did not commit trespass for entering private property to perform survey work); see also 1948 Op. Att'y Gen. 160 (State-employed trappers may enter upon private lands for the purpose of carrying out their official duties).
In order for a public servant's entry onto private premises to be privileged, not only must the individual be acting in furtherance of his or her public duties, but the entry must also be reasonably necessary to effectuate those duties. See Handv. Stray Haven Humane Soc'y, 21 A.D.2d at 628 (noting that peace officer's entrance onto private property was an authorized and reasonable intrusion); cf. Penal Law § 35.05 ("conduct which would otherwise constitute an offense [e.g., criminal trespass, Penal Law § 140.05] is justifiable and not criminal when . . . such conduct is . . . performed by a public servant in thereasonable exercise of his official powers, duties or functions" (emphasis added)); Restatement (Second) of Torts
§§ 197, 211 (1965).
New York's courts have never indicated that the availability of the common law privilege might depend on the mode of entry onto private property, whether by foot or vehicle. Recent legislation relating to two specific types of vehicle does identify one specific circumstance in which law enforcement and emergency personnel may use vehicles to access private property without the consent of the property's owner. In 2000, the Legislature exempted snowmobiles and all-terrain vehicles operated as emergency vehicles from existing restrictions on where such vehicles generally could be operated, including from the prohibition against operating them on the private property of another without the consent of the property owner. Act of July 11, 2000, ch. 120, §§ 1, 7, 2000 McKinney's N.Y. Laws 610, 610-11 (codified at Vehicle and Traffic Law § 2403(4) and Parks, Recreation and Historic Preservation Law § 25.03(7)). The reason for this enactment was to "assist police and public safety agencies in fulfilling their law enforcement and safety missions by providing that when snowmobiles or ATVs are properly operating as emergency vehicles they would be exempt from certain use restrictions." Memorandum in Support of Legislation, reprintedin 2000 McKinney's Session Laws 1566. The provision was intended to clarify that existing statutory prohibitions on entering private property without the consent of the property owner by an ATV- or snowmobile-rider did not apply to riders of such vehicles when the vehicles were being operated as emergency vehicles.See id. ("Although the Legislature clearly anticipated that both snowmobiles and ATVs would be operated as emergency vehicles, the law does not provide adequately for such operation.").[3]
For the reasons discussed above, we conclude that county emergency personnel may enter onto private property without the consent of the landowner where such entrance is reasonably necessary to the performance of that personnel's public duties in response to an emergency. We believe that will be true whether the services are performed on the landowner's property or other property accessed by crossing the landowner's property. The answer to the question of whether entry onto the landowner's property is reasonably necessary to effectuate those duties in a particular situation will depend on other available access points and the emergency to which the public servants are responding. You have not asked and we do not consider whether the County or its emergency personnel may be liable for any damage caused by entry onto private property without the consent of the landowner.Cf. Restatement (Second) of Torts §§ 197, 214 (1965).
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] You have explained that entrance onto private property would be only for the purpose of providing emergency services rather than for any investigatory purposes. In addition, our conclusion is predicated on the understanding that emergency personnel would be responding to a true emergency, where time is of the essence.
[2] Although you have framed your inquiry as two questions,i.e., whether an individual can prevent county emergency personnel from crossing his property to reach other property upon which the emergency services will be performed and whether an individual can prevent county emergency personnel from entering his property to perform those emergency services, we think that both questions are appropriately analyzed using the criteria described below.
[3] Although it might be argued that this statutory authorization effectively limits the availability of the common law privilege by identifying the sole circumstance in which emergency vehicles may enter private property without the consent of the property owner, that result would both constitute a departure from the common law and be at odds with the public's interest in the provision of emergency services. In the absence of a clear expression of legislative intent, it would be inappropriate to give such broad effect to this provision.