■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE DOMINGUES, Appellant. [27 NYS3d 40]—

Judgment, Supreme Court, New York County (Cassandra Mullen, J.), rendered May 10, 2012, convicting defendant, after a jury trial, of two counts each of burglary in the second degree and grand larceny in the third degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). In each of the two burglaries, defendant stole jewelry from the bedroom of an apartment whose resident employed defendant as a dog walker. Defendant argues that in each instance, the evidence established only larceny, but that, in view of defendant's license to enter the apartment, it failed to satisfy the knowing, unlawful entry element of burglary. However, the evidence supports the conclusion that defendant reasonably understood his license to enter the apartments to be conditioned on his limiting his presence to the apartments' entrance areas, which were the only areas he needed to enter in order to greet the dogs, put on their leashes, and otherwise perform his duties (*see People v Powers*, 138 AD2d 806, 807-808 [3d Dept 1988]). Although criminal intent may not transform a licensed entry into an unlawful one (*People v Graves*, 76 NY2d 16 [1990]), defendant's entry into the bedrooms was not rendered unlawful by his criminal intent, but by his going beyond the limits of his license to enter the apartment.

This determination renders academic defendant's argument that in the event this Court vacates his burglary convictions, upon which he received the minimum lawful sentence, it should also reduce his sentences on the larceny convictions. Concur— Tom, J.P., Acosta, Renwick and Moskowitz, JJ.