## (February 23, 1978)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS DUMBLEWSKI, SR., Defendant, and ROBERTA DUMBLEWSKI et al., Appellants. —Appeal from judgments of the County Court of Fulton County, rendered April 21, 1976, upon verdicts convicting: (1) Roberta Dumblewski and Francis Dumblewski, Jr., of the crime of criminal contempt in the second degree and obstructing governmental administration; and (2) Timothy Dumblewski of criminal contempt in the second degree. In addition to what we conclude are technical and harmless errors advanced by defendants in seeking a reversal of their convictions, it further appears that they have waived any right to challenge the indictment on the grounds presently asserted. It is their contention that the first count was duplicitous (CPL 200.30), that the second count was not sufficiently precise (CPL 200.50), and that a misjoinder of defendants occurred (CPL 200.40). Historically, these matters, which all relate to defects appearing on the face of an indictment, had to be raised by way of a demurrer, but modern practice allows such

issues to be resolved in the context of a motion to dismiss the indictment (CPL 210.25, subd 1; 210.20, subd 1, par [a]). Nevertheless, the statutes regulating this procedure still insist that the motion be made within prescribed time limits (CPL 210.20, subd 2; 255.20) and the instant record discloses that the only motion defendants addressed to the indictment was that legally sufficient evidence had not been presented to the Grand Jury (see CPL 210.20, subd 1, par [b]). Their failure to advance these other contentions before sentence, even if it is assumed that some good cause existed therefor, constitutes a waiver of such defects and forecloses consideration of them (CPL 255.20, subd 2). We have examined defendants' remaining arguments and find them to be without merit. Judgments affirmed. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.