■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOOKER T. ARCHIE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of attempted robbery in the second degree, assault in the second degree and attempted grand larceny in the fourth degree arising from his participation in the attempted theft of bicycles from Towner's Bike Shop in the City of Rochester. On the afternoon of July 28, 1988, a Rochester police officer was dispatched to the bike shop to investigate a robbery in progress. Upon his arrival, the officer observed several employees, some of whom were bruised, and also noted that several bicycles were strewn about the shop. Defendant was seated on a window ledge. The officer was told by the store owner that a group of about eight young males, including defendant, had entered the store and had attempted to remove bicycles; that several of the youths fled when one of the store employees announced that he was going to call the police; and that defendant was detained by the store owner and employees.

The suppression court correctly found that the officer had probable cause to place defendant under arrest (CPL 140.10 [1] [b]). It was reasonable for the officer to conclude that it was more probable than not that a crime had been committed and

that defendant was one of the perpetrators *(People v Carrasquillo,* 54 NY2d 248, 254).

Defendant was not entitled to a "missing witness charge" concerning a former bike shop employee and an outside sales representative, both of whom were alleged to have been in the store at the time of the incident but were not called to testify. In order to establish entitlement to the charge, it must be shown that the "uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" *(People v Gonzalez,* 68 NY2d 424, 427). Here, the People demonstrated that neither uncalled witness was under the control of the prosecution. There was no relationship between the prosecution and the uncalled witnesses, in legal status or on the facts, that would make it natural to expect the People to have called the witnesses to testify in their favor *(People v Gonzalez, supra,* at 429).

Defendant argues that the court erred in admitting the hospital record of one of the injured employees because the report contained hearsay statements of the victim that he was assaulted by "several youths" with "fists, knees and bicycles". We cannot say that the court erred in receiving the statements on the ground that they were germane to the diagnosis and treatment of the victim's injuries *(see, Williams v Alexander,* 309 NY 283, 287; Richardson, Evidence § 302 [Prince 10th ed]).

The People concede that the court erred in failing to instruct the jury that it was to consider defendant's prior bad acts as relevant only to his credibility and not as evidence of a criminal propensity. We also note, even though the specific issue is not raised on appeal, that the court erred in allowing cross-examination of defendant on two pending unrelated criminal charges *(see, People v Betts,* 70 NY2d 289). Neither error, however, requires reversal. Given the overwhelming evidence of defendant's guilt, the limited inquiry into the prior bad acts by the prosecutor, the absence of any reference to them in the prosecutor's summation, and the court's charge on credibility, we conclude that the errors were harmless under the *Crimmins* standards *(see, People v Crimmins,* 36 NY2d 230, 242; *see also, People v Boyd,* 149 AD2d 939). In all other respects, the court did not err in its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371). (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—attempted rob-

bery, second degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.