■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SKEETERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 15, 1989, convicting him of robbery in the first degree, robbery in the second degree (two counts), and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his conviction must be set aside because the jury's verdict was repugnant. Initially we note that the defendant's trial counsel failed to raise this issue prior to the discharge of the jury, thereby depriving the court of any opportunity to remedy this perceived error. Accordingly, this claim of error is unpreserved for appellate review (see, People v Satloff, 56 NY2d 745; People v Stahl, 53 NY2d 1048; People v Suarez, 99 AD2d 473). In any event, the jury's verdict, convicting the defendant of one count of robbery in the first degree while acquitting him of two other counts also charging robbery in the first degree, was neither inconsistent nor repugnant. In accordance with the court's charge (see, People v Tucker, 55 NY2d 1; People v Johnson, 133 AD2d 175, affd 70 NY2d 964), the verdict rationally reflected the testimony of one complainant, who stated that the defendant robbed her at gunpoint (Penal Law § 160.15 [4]) while simultaneously rationally reflecting the testimony of the two other complaining witnesses who did not

testify as to the use of a weapon but who testified that they were robbed by the defendant aided by another person actually present (Penal Law § 160.10 [1]). Thus, there was nothing repugnant or inconsistent in the acquittal of the defendant of robbery in the first degree under counts two and three of the indictment, and his conviction instead of robbery in the second degree under counts five and six, and his conviction of robbery in the first degree under count one.

Furthermore, contrary to the defendant's contentions, his conviction need not be set aside due to the court's failure to provide a missing witness charge as to the fourth alleged robbery victim who did not testify at trial. The counts of the indictment alleging robbery as to that victim were dismissed. The defendant established that this uncalled victim-witness was knowledgable about the robberies and was available to the People *(see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424). The People thereafter failed to rebut the defendant's prima facie showing, arguing only, without factual elaboration, that this witness was not in their exclusive control. However, even concluding that the defendant was entitled to a missing witness charge, the court's failure to so charge was harmless in light of the overwhelming evidence of the defendant's guilt as there was no significant probability that a missing witness charge would have resulted in a different outcome *(see, People v Fields,* 76 NY2d 761; *People v Astacio,* 173 AD2d 834).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.