■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO HEREDIA, Appellant. [602 NYS2d 164] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 30, 1991, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his request for a missing witness charge. As the party requesting a missing witness charge, the defendant had the initial burden of demonstrating that the uncalled witness could be expected to have knowledge of a material issue and to testify favorably to the People *(see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424). Here, there was no showing that the uncalled witness, a former dishwasher at the restaurant where the robbery occurred, could have been expected to testify favorably to the People *(see, People v Archie,* 167 AD2d 925; *People v Miles,* 161 AD2d 805). The testimony of the prosecution's witnesses indicated that the dishwasher was not in the immediate vicinity of the cash register when the robbery occurred. In any event, any error in failing to give a missing witness charge was harmless, as the proof of the defendant's guilt was overwhelming, and there

was no significant probability that a missing witness charge would have resulted in a different outcome *(see, People v Fields,* 76 NY2d 761; *People v Skeeters,* 180 AD2d 834; *cf., People v Kitching, supra)*. A waitress from the restaurant testified that the defendant threatened her with a knife and stole the money she withdrew from the cash register. Her testimony was corroborated by that of three customers who were in the restaurant when the robbery occurred.

We find unavailing the defendant's further contention that the trial court committed reversible error in discharging juror number two since the record reveals that the defense counsel consented to the discharge *(see, People v Carbonaro,* 162 AD2d 459). We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.