■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS AYUSO, Appellant. [614 NYS2d 162] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 29, 1991, convicting him of burglary in the second degree, assault in the second degree, and assault in the third degree, and resisting arrest, upon jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence is legally insufficient to prove him guilty of the charge of burglary in the second degree because, among other things, the nursing home in which he was found was open to the public. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The question of whether a building is "open to the public" is ordinarily to be resolved by the trier-of-fact (see, People v Eady, 151 AD2d 981; People v Hirniak, 118 AD2d 729, 730). Here the evidence overwhelmingly supports the jury's conclusion that the area in which the defendant was discovered was not open to the public.

The element of "physical injury" necessary to establish the charges of burglary in the second degree (see, Penal Law § 140.25 [1] [b]), assault in the second degree (see, Penal Law § 120.05 [6]), and assault in the third degree (see, Penal Law § 120.00 [1]) was sufficiently demonstrated by the substantial pain suffered by the supervising nurse who was attacked by the defendant (see, Penal Law § 10.00 [9]). That the nurse's pain was substantial was evidenced by her testimony as to its duration over several months (see, People v McNair, 147 AD2d 593, 594; People v Rivera, 183 AD2d 792; People v Hope, 128

AD2d 638, 639). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.