■ The People of the State of New York, Respondent, v Leroy Jenkins, Appellant. [624 NYS2d 141] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered April 7, 1992, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The jury's verdict was neither based on legally insufficient evidence nor against the weight of the evidence. The circumstances surrounding defendant's presence in a darkened, private, interior office, obviously not within the public portion of

the building, provided ample evidence that defendant knowingly entered the office unlawfully, with intent to commit a crime therein *(People v Castillo,* 47 NY2d 270, 278), and the jury properly rejected the outlandish explanation offered by defendant in his testimony.

The court properly denied defendant's request for a missing witness charge, although not exclusively for the reason stated by the court. We agree with the People's position at trial that none of the criteria for a missing witness instruction were satisfied *(see, People v Gonzalez,* 68 NY2d 424, 427). The witness' potential testimony would have been barely relevant, there was no reason to expect that this former building employee's testimony would have been favorable to the People *(People v Heredia,* 196 AD2d 885, *lv denied* 82 NY2d 896; *People v Archie,* 167 AD2d 925, 926, *lv denied* 77 NY2d 991), and the witness had become unavailable by the time of trial despite reasonable efforts by the People to locate him.

We have reviewed defendant's remaining contentions and find them without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.