we previously reviewed on the People's appeal from the trial court's order setting aside the verdict for legal insufficiency (176 AD2d 554, *lv denied* 79 NY2d 827). The issues raised by defendant concerning his larcenous intent and the credibility of the complainant were properly placed before the jury, and we find no reason to disturb its determination (*see, People v Bleakley*, 69 NY2d 490, 495). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO RODRIGUEZ, Appellant. [635 NYS2d 464] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered December 21, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court's supplemental instruction on the defense of agency, which differed from the original instruction only in that it did not apply the facts of the case to the various factors that the court suggested might be useful in deciding the agency issue, was a meaningful response to the jury's request to be reinstructed on the defense (*People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847). How the suggested factors applied to defendant's claim of agency was not so complicated as to require reiteration, it being obvious how the claim would be affected depending on whether or not, for example, defendant had initiated the transaction or received a benefit. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WATSON, Appellant. [634 NYS2d 78] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered September 30, 1993, convicting defendant, after a nonjury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

It cannot be said that the evidence was insufficient to sustain the burglary charge simply because of the absence of signs or barriers prohibiting entrance into the office from which defendant appropriated a computer. Even if defendant's entry into the office was licensed, the fact finder could find that he knew he was not permitted to remain because it was apparent after his entry, from the time of the day, after 6:00 P.M. on a Friday night, and the absence of any persons in the reception area or interior offices, that the office was not at the time open to the public (*People v Powell*, 58 NY2d 1009; *cf., People v Lloyd*, 180

AD2d 527, *lv denied* 79 NY2d 1003). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.