■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DURECOT, Also Known as ANGEL DURECOUT, Appellant. [638 NYS2d 16] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered February 9, 1993, convicting defendant, after a jury trial, of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree and sentencing him, as a second felony offender, to concurrent terms of $3^1/2$ to 7 years, 2 to 4 years and 2 to 4 years, respectively, unanimously affirmed.

There is no merit to defendant's claims of evidentiary insufficiency. Viewed in a light most favorable to the People (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), the evidence that defendant had entered the space behind the receptionist's desk, a private area off limits to persons otherwise allowed to be in the reception area, and took the receptionist's purse, was sufficient to prove defendant's guilt of third-degree burglary (*People v Lloyd*, 180 AD2d 527, *lv denied* 79 NY2d 1003). "A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public." (Penal Law § 140.00 [5].) Defendant's guilt of fourth-degree grand larceny was proven by legally sufficient evidence that defendant was coming from behind the receptionist's desk heading toward the elevator while holding a manila envelope over her pocketbook, which contained a credit card; that aside from the receptionist and defendant, no one else was in the reception area; and that defendant was holding the

receptionist's purse while attempting to get in the elevator in order to leave the premises. Moreover, upon an independent review of the record, the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490), and the court correctly denied defendant's motions for a trial order of dismissal and to set aside the verdict.

The trial court did not err in refusing to sign a subpoena for a defense witness whose proposed testimony was irrelevant to whether defendant committed burglary. In any event, any error in this regard would be harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt. Nor was defendant's right to counsel violated, defendant having failed to establish " 'good cause' " for the substitution of counsel he requested (*People v Sides*, 75 NY2d 822, 824). Under the circumstances, the court's inquiry of defendant on each such request was more than adequate (*supra*). Also without merit is defendant's claim, to the extent it is preserved, that the prosecutor, during summation, became an unsworn witness, improperly vouched for the credibility of witnesses and appealed to the jury's fear by using a "safestreets" argument, the comments in question being responsive to the arguments made by defense counsel during his summation (*People v Marks*, 6 NY2d 67, 77-78, *cert denied* 362 US 912). Defendant's challenges to the court's charge are entirely unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find that they do not warrant reversal. Finally, in view of defendant's criminal history, we perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.