■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR QUINONES, Appellant. [672 NYS2d 689] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered November 22, 1995, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 3 to 6 years, and otherwise affirmed.

We reject defendant's argument that his present challenge to the court's definition of "building" (*see*, Penal Law § 140.00 [2]) under the burglary statute was raised or ruled upon at the precharge conference, and we thus find this challenge to be unpreserved and decline to review it in the interest of justice. Were we to review this claim, we would find that the court's burglary charge, read as a whole, conveyed the proper standards with respect to the definition of building along with entry into the nonpublic portion of a public building, and properly applied those standards to the evidence presented at trial (*see*, *People v Durecot*, 224 AD2d 264, *lv denied* 88 NY2d 878).

Defendant's challenge to the trial court's *Sandoval/Molineux* ruling concerning the scope of impeachment of defendant's prospective testimony is unpreserved for appellate review since he failed to raise any objection to the court's ultimate compromise ruling (*People v McAllister*, 245 AD2d 184, *lv denied* 91 NY2d 894), and we decline to review this claim in the interest of justice. Were we to review this claim, we would find that the court's ruling, providing for expanded impeachment by similar crimes in the event that defendant claimed mistake, was an appropriate exercise of discretion.

We find the sentence excessive to the extent indicated. Concur—Lerner, P. J., Nardelli, Wallach, Rubin and Mazzarelli, JJ.