■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DAVIS, Also Known as SEDRICK PERRY, Appellant. [683 NYS2d 1] —Judgment, Supreme Court, New York County (Carol Berkman, J., on pretrial motions; Dorothy Cropper, J., at trial and sentence), rendered June 25, 1996, convicting defendant, after a nonjury trial, of burglary in the second degree and petit larceny, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 1 year, respectively, unanimously affirmed.

The evidence of second-degree burglary was legally sufficient. We reject defendant's unpreserved contention that the indictment required the People to prove unlicensed entry into the public reception area of the building, rather than a private office therein (see, Penal Law § 140.00 [2], [5]). On the contrary, defendant's unlicensed entry into a private office within the offices of the insurance company satisfied the trespassory element of the burglary charge contained in the indictment (see, People v Lloyd, 180 AD2d 527, lv denied 79 NY2d 1003; see also, People v Durecot, 224 AD2d 264, lv denied 88 NY2d 878).

The court properly exercised its discretion in rejecting defendant's untimely notice of intention to present psychiatric evidence (see, People v Tumerman, 133 AD2d 714, 715, lv denied 70 NY2d 938, cert denied 485 US 969), particularly since the testimony at issue was irrelevant to defendant's ability to formulate the necessary intent.

Since the clerical error in the sentence and commitment sheet, stating that defendant was adjudicated a second violent felony offender, could not have affected the sentence imposed, there is no need for resentencing. Concur—Ellerin, J. P., Nardelli, Williams and Andrias, JJ.