■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUNCAN TERRY, Appellant. [768 NYS2d 516]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 18, 2002, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

On August 31, 2001, defendant went to the ninth floor of an office building in the City of Albany, he entered a room in which state employees worked and went to the cubicle of one of the employees who was away from her desk. Defendant located the victim's purse behind a wastebasket under her desk and removed her wallet. The victim was returning to her desk when she saw defendant near it as he was starting to leave the area. After a quick investigation, she realized that her wallet was missing. She called to coworkers who observed defendant as he fled the scene and one coworker pursued defendant out of the building and was looking for him when she met a police officer, who had been summoned. Defendant was soon spotted and arrested and, after receiving *Miranda* warnings, admitted taking the victim's wallet. He was indicted for burglary in the third degree and petit larceny and, following a jury trial, found guilty of the charged crimes. He was sentenced as a second felony offender to a prison term of 3¹/₄ to 6¹/₂ years for the burglary

conviction and a concurrent jail term of 10 months for petit larceny. Defendant appeals.

Defendant initially argues that the evidence was not sufficient to sustain the conviction for burglary in the third degree. The evidence is viewed in the light most favorable to the People when a conviction is challenged as legally insufficient (*see People v Taylor*, 94 NY2d 910, 911 [2000]). The elements the People must prove for the crime of burglary in the third degree are that a person "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20; *see People v Barney*, 99 NY2d 367, 371 [2003]). Proof at trial established that the security system was out of order on the ninth floor offices on August 31, 2001 and, therefore, the doors were left unlocked on that day. There was ample evidence, however, that these offices were not open to the public and simply because a door is left unlocked does not preclude finding that an entry was unlawful (*see People v Powell*, 58 NY2d 1009, 1010 [1983]). Moreover, defendant's acts of entering an employee's cubicle and going under her desk to remove her wallet from her purse, which was located behind a wastebasket, constituted sufficient conduct to establish the crime (*see People v Durecot*, 224 AD2d 264, 264 [1996], *lv denied* 88 NY2d 878 [1996]; *People v Lloyd*, 180 AD2d 527, 527-528 [1992], *lv denied* 79 NY2d 1003 [1992]). The evidence was legally sufficient and, after viewing the evidence in the neutral light, we find that the jury's verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Next, we consider defendant's argument that his statement to police should have been suppressed as the fruit of a warrantless arrest made without probable cause. "Probable cause exists when an officer has knowledge of facts and circumstances 'sufficient to support a reasonable belief that an offense has been or is being committed' " (*People v Maldonado*, 86 NY2d 631, 635 [1995], quoting *People v Bigelow*, 66 NY2d 417, 423 [1985]; *see People v Curry*, 294 AD2d 608, 610 [2002], *lv denied* 98 NY2d 674 [2002]). At the suppression hearing, the police officer testified that he received a radio dispatch that a theft had occurred, he was told the vicinity in which the perpetrator was last seen and he received a description of the perpetrator as a light-skinned black male with blonde hair who was wearing a white tee shirt and blue shorts. He was also told that the coworker had pursued defendant and, upon arriving in the area, he located the coworker, who gave a consistent description of the perpetrator. Shortly thereafter, the police officer spotted defendant and asked the coworker to confirm his identity. She stated

that she had not seen his face while pursuing him from behind, but that his clothes, height and hair matched and that he had the same distinctive walk as the perpetrator. When the officer spoke to defendant, he noticed that his hands were shaking and he appeared very nervous. The officer testified that he told defendant he was going to place handcuffs on him for safety purposes, but that he was not under arrest. A short time later, another individual from the office where the victim worked came by and identified defendant. Defendant was informed of his *Miranda* rights and, thereafter, gave an oral statement to police. County Court credited the testimony of the two officers at the suppression hearing and further determined that an arrest, supported by probable cause, occurred when handcuffs were placed on defendant. We agree that the description of defendant's clothing, height, skin color, hair color and distinctive walk, together with his close proximity to the crime and nervous reaction to initial police questioning, constituted probable cause (*see People v Lewis*, 277 AD2d 603, 604-605 [2000], *lv denied* 95 NY2d 966 [2000]; *People v Ward*, 182 AD2d 573 [1992], *lv denied* 81 NY2d 849 [1993]).

Defendant's remaining arguments require little discussion. The contention that count one of the indictment charging burglary in the third degree was duplicitous was not properly preserved for review (*see People v Dumblewski*, 61 AD2d 875, 875-876 [1978]) and, were we to consider it, we would find it unpersuasive (*see People v Giordano*, 296 AD2d 714 [2002], *lv denied* 99 NY2d 582 [2003]). We find no extraordinary circumstances or an abuse of discretion warranting reduction of the sentence, which was within the permissible range for the crime when, as here, defendant was a second felony offender (*see People v Brodus*, 307 AD2d 643, 644 [2003]). As to defendant's assertion that he did not receive the effective assistance of counsel, review of the record reveals that counsel made discovery demands, filed appropriate motions, cross-examined witnesses at the suppression hearing and at trial, and otherwise afforded meaningful representation to defendant (*see People v Kreydatus*, 305 AD2d 935, 936 [2003]). Defendant's further contentions have been considered and found unpersuasive.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.