■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURNIE DANIELS, Appellant. [778 NYS2d 241]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered October 30, 2000. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, criminal mischief in the third degree, petit larceny and possession of burglar's tools.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant challenges the legal sufficiency of the evidence supporting his conviction following a jury trial of burglary in the third degree (Penal Law § 140.20) in connection with the theft of money from a vending machine on the third floor of the west tower of a hotel. He contends that, because the hotel was open to the public, his entry therein was not unlawful (*see* § 140.00 [5]) and thus he cannot be convicted of burglary. We disagree.

As a preliminary matter, we reject the People's contention that defendant failed to preserve his contention for our review. Defendant's motion to dismiss at the close of the People's case was " 'specifically directed' at the alleged error" now raised on appeal (*People v Gray*, 86 NY2d 10, 19 [1995]), and defendant renewed his motion at the close of all the proof (*cf. People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]).

We also note preliminarily that "[t]he question of whether a building is 'open to the public' is ordinarily to be resolved by the trier-of-fact" (*People v Ayuso*, 204 AD2d 472, 472 [1994], *lv denied* 83 NY2d 964 [1994]) and that, in reviewing the legal sufficiency of the evidence in this regard, "the evidence must be viewed . . . in the light most favorable to the People" (*People v Thompson*, 72 NY2d 410, 413 [1988], *rearg denied* 73 NY2d 870 [1989]). "The lack of a license or privilege to be in or upon premises . . . may be proved by circumstantial evidence" (*Matter of Tyshawn J.*, 304 AD2d 331, 331 [2003]).

In this case, the People presented evidence that, on the night of the crime, there were no registered guests in the west tower of the hotel and neither defendant nor his accomplice was registered as a guest at the hotel that night. The People also presented evidence that, although the lobby area of the hotel is open to the public, the rooms and corridors of the hotel, including the area on the third floor of the west tower where the vending machines are located, are restricted areas for guest use only. Interior access to those restricted areas of the hotel may be gained only through the main entrance, and exterior access is controlled by four locked doors that may be opened by guests with a room key. Although the four exterior doors were not locked at the time of the crime due to an electrical malfunction, a sign posted on each door stated, "This door is locked for our guests' safety and security. Please use your guest room key for entry." Finally, the People presented evidence establishing that defendant and his accomplice gained access to the west tower through exterior door No. 3.

Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning by which the jury could have found that, to break into the vending machine, defendant and his accomplice entered an area of the hotel not open to the general public and that their entry was unlawful because they lacked license or privilege to do so. The fact that they gained entry through an unlocked door "does not preclude finding that [their] entry was unlawful" (*People v Terry*, 2 AD3d 977, 978 [2003]). Moreover, we conclude that the verdict is not against the weight of the evidence in this regard (*see People v*

*Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.