■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY HARRIS, Appellant. [798 NYS2d 386]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered December 5, 2002, convicting defendant, after a jury trial, of burglary in the second degree, forgery in the second degree, criminal possession of a forged instrument in the second degree, criminal possession of stolen property in the fourth degree (eight counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was extensive evidence of defendant's guilt, including surveillance videotapes and his own incriminating statements. Defendant entered a hospital's executive suite and stole property from behind a desk in a cubicle that was unmistakably a nonpublic area even though it was not locked or otherwise secured (*see e.g. People v Terry*, 2 AD3d 977 [2003], *lv denied* 2 NY3d 746 [2004]; *People v Durecot*, 224 AD2d 264 [1996], *lv denied* 88 NY2d 878 [1996]). The hospital was a dwelling for purposes of burglary in the second degree because it was a building containing rooms occupied by patients overnight (*People v Shackett*, 159 AD2d 963 [1990], *lv denied* 76 NY2d 796 [1990]), notwithstanding that portions of the hospital were open to the public and that the executive suite was not used for lodging (*People v Dwight*, 189 AD2d 566 [1993], *lv denied* 81 NY2d 885 [1993]; *People v Rohena*, 186 AD2d 509 [1992], *lv denied* 81 NY2d 794 [1993]).

The evidentiary rulings challenged by defendant were proper exercises of discretion.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). The only factual finding upon which the court based the persistent violent felony offender adjudication was the fact that defendant had been convicted of the requisite prior crimes (*see Almendarez-Torres v United States*, 523 US 224 [1998]; *United States v Santiago*, 268 F3d 151, 155-156 [2d Cir 2001], *cert denied* 535 US 1070 [2002]).

We have considered and rejected defendant's remaining claims. Concur—Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.