■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS THOMAS, Appellant. [832 NYS2d 688]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 16, 2005, upon a verdict convicting defendant of the crime of burglary in the third degree.

On February 27, 2005, defendant went to a laundromat in the City of Albany and used the machines. The owner's nephew, who was working there alone, collected and counted the coins from the machines and placed them in a bag in a private storage room. He then began mopping the floors but forgot to lock the storage room door. While his back was turned, defendant—apparently the only customer on the premises at the time—opened the door to the storage room, entered it and then quickly exited, closing the door behind him and leaving the laundromat with something draped over his arm. The store's surveillance camera recorded the incident on the hard drive of the owner's computer, although the view of what defendant held in his hands was obstructed. Upon returning to the storage room, the employee discovered that the bag containing in excess of $300 in quarters had vanished. The portion of the recording which captured this incident was copied onto a DVD and turned over to police, and it was played at defendant's trial. Approximately two weeks after the incident, defendant was arrested when he returned to the laundromat around closing time. Following a jury trial, defendant was convicted of burglary in the third degree, but acquitted of petit larceny. Sentenced as a second felony offender to a prison term of 3¼ to 6½ years, defendant now appeals.

Defendant primarily challenges the verdict as unsupported by legally sufficient evidence, a claim we find to be without merit (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewed in a light most favorable to the People (*see People v Calabria*, 3 NY3d 80, 81 [2004]), the trial evidence, including the surveillance video, established that although the laundromat was open to the public, defendant knowingly and unlawfully entered the private storage room, which was not open to the public, with intent to commit a crime therein (*see* Penal Law § 140.20; *People v Terry*, 2 AD3d 977, 978 [2003], *lv denied* 2 NY3d 746 [2004]; *see also People v Harris*, 19 AD3d 171, 172 [2005], *lv denied* 5 NY3d 789 [2005]; *People v Quinones*, 18 AD3d 330, 330 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Daniels*, 8 AD3d 1022, 1023 [2004], *lv denied* 3 NY3d 705 [2004]; *People v Durecot [Durecout]*, 224 AD2d 264, 264-265 [1996], *lvs denied* 88 NY2d 878 [1996]). The testimony also established that while there was no sign on the door to the storage room, it clearly was a private area containing cleaning supplies and an employee restroom which was always kept locked and was not open to the public; the fact that it had been inadvertently "left unlocked does not preclude finding that [the] entry was unlawful" (*People v Terry, supra* at 978; *see People v Harris, supra* at 172; *People v Daniels, supra* at 1023).

Indeed, "[a] license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public" (Penal Law § 140.00 [5]; *see People v Durecot, supra* at 264). The questions of whether the storage room was open to the public and whether defendant knowingly entered a nonpublic area are ordinarily matters to be resolved by the factfinder (*see People v Daniels, supra* at 1023; *People v Ayuso*, 204 AD2d 472, 472 [1994], *lv denied* 83 NY2d 964 [1994]), and we find ample evidence to support the verdict in that regard (*see People v Jones*, 238 AD2d 130, 130 [1997], *lv denied* 90 NY2d 895 [1997]). Moreover, defendant's intent was readily inferable from his recorded furtive conduct and the surrounding circumstances of his entry (*see People v Gaines*, 74 NY2d 358, 362 n 1 [1989]; *People v Barnes*, 50 NY2d 375, 381 [1980]; *People v Mackey*, 49 NY2d 274, 279-280 [1980]; *People v Mustafa*, 10 AD3d 543, 543-544 [2004], *lv denied* 3 NY3d 741 [2004]).

Next, defendant takes issue with County Court's denial of his CPL 330.30 (1) motion to set aside the verdict, which was based upon the claim that the People had limited the theory of the burglary prosecution to intent to commit a larceny in the storage room, which they failed to prove. We uphold the court's ruling, as the motion was based upon several erroneous suppositions. As a threshold matter, the defense never raised these specific claims in its motion to dismiss at the close of proof or otherwise, made no request that the jury be so charged and did not object to the charge as given and, thus, the claims are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). As such, they are not of the type that, if raised on appeal, would "require a reversal . . . as a matter of law" (CPL 330.30 [1]; *see* CPL 470.15 [4]).

Further, contrary to defendant's claims, the People were required to prove only defendant's general intent to commit a crime in the room, having never expressly limited their burglary theory to a particular crime (*see People v Lewis*, 5 NY3d 546, 552 [2005]; *People v Mahboubian*, 74 NY2d 174, 193 [1989]; *People v Mackey, supra* at 278-281; *cf. People v Barnes, supra* at 379, 379 n 3). "Inclusion of a larceny count in the same indictment did not limit the prosecution's theory under the burglary count" (*People v Gilbo*, 28 AD3d 945, 945 [2006], *lv denied* 7 NY3d 756 [2006] [citation omitted]), "nor is it necessary that the intended crime in fact be committed" (*People v Mackey, supra* at 279).

We also find no error in County Court's denial of defendant's

request for an evidentiary hearing on his claim that the People's failure to provide a copy of the complete digitally recorded video of the entire time that he was at the laundromat violated his due process right to exculpatory material under *Brady* (*see Brady v Maryland,* 373 US 83 [1963]). The complete digital recording was automatically recorded over on the owner's hard drive after 30 days, prior to defendant's request; it was never in the possession or control of the police or prosecutor, who were given a DVD with only the 2½-minute segment showing defendant entering and exiting the storage room and leaving the building (*see People v Santorelli,* 95 NY2d 412, 421 [2000]; *People v Bowers,* 4 AD3d 558, 559-560 [2004], *lv denied* 2 NY3d 796 [2004]; *People v Buanno,* 296 AD2d 600, 602 [2002], *lv denied* 98 NY2d 695 [2002]; *cf.* CPL 240.20 [1] [h]; [2]; *People v Bryce* 88 NY2d 124, 128-129 [1996]). Further, defendant's allegations regarding the exculpatory potential of the remainder of the video were purely speculative and conclusory and did not entitle him to a hearing (*see People v Burt,* 246 AD2d 919, 923-924 [1998], *lv denied* 91 NY2d 1005 [1998]).

We have examined defendant's remaining claims, including his request that the sentence should be reduced in the interest of justice, and find they have no merit.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.