■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMINIO ORTIZ, Appellant. [910 NYS2d 434]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 23, 2008, as amended January 8, 2009, convicting defendant, after a jury trial, of four counts of burglary in the second degree and four counts of criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror. Although the panelist used language such as "try," he gave the requisite assurance that his friendship with a Bronx prosecutor would not affect his ability to be fair (see People v Rivera, 33 AD3d 303 [2006], affd 9 NY3d 904 [2007]).

Defendant claims that this panelist also made statements about a crime committed against his parents while they were vacationing, and that these statements cast doubt on his impartiality. However, the record, as properly resettled by the court, clearly establishes that these statements were actually made by a different panelist with a very similar name. The comments about the crime where the panelist's parents had been victimized matched background information given by the similarly-named panelist earlier in the voir dire, and the court reporter submitted an affidavit in which she explained her use of a phonetic spelling. The conclusion is inescapable that the court reporter inadvertently transposed the two panelists' similar names. The circumstances did not warrant a reconstruction hearing, and defendant's procedural and substantive arguments regarding the resettlement proceeding are without merit.

Defendant's legal sufficiency argument, addressed to the "dwelling" element of second-degree burglary (see Penal Law § 140.00 [3]; § 140.25 [2]) is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). With criminal intent, defendant unlawfully entered four locations in a hospital. Although the hospital was used for overnight lodging, none of these particular spaces was used for that purpose. Defendant concedes that a hospital building may be

considered a dwelling (*see People v Harris*, 19 AD3d 171 [2005], *lv denied* 5 NY3d 789 [2005]), but argues that since the indictment, and the court's charge, specified that defendant was accused of entering these four locations, the People were required to prove the particular locations were dwellings. However, each of these units was a dwelling by virtue of being "a part of the main building" (Penal Law § 140.00 [2]), which was undisputedly a dwelling (*see People v Rohena*, 186 AD2d 509, 511 [1992], *lv denied* 81 NY2d 794 [1993]). We have considered and rejected defendant's ineffective assistance of counsel argument relating to this issue.

Defendant did not preserve his constitutional challenge to his mandatory minimum sentence as a persistent violent felony offender (*see People v Ingram*, 67 NY2d 897, 899 [1986]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Thompson*, 83 NY2d 477, 480 [1994]; *People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]; *see also Ewing v California*, 538 US 11, 29-30 [2003]). Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ.