Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered August 31, 2011, convicting defendant, after a jury trial, of assault in the second degree and tampering with physical evidence, and sentencing him, as a second felony offender, to an aggregate term of three years, unanimously affirmed.
Defendant’s general motion to dismiss did not preserve his legal sufficiency claims (see People v Gray, 86 NY2d 10, 19 [1995]), notwithstanding that the court reserved decision on the motion and defendant made a more specific motion, for the first time, at sentencing (see People v Padro, 75 NY2d 820 [1990]). We decline to review these claims in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find no basis for disturbing the jury’s credibility determinations.
The element of physical injury was established by an officer’s testimony that after defendant threw loose tobacco in his eyes, the officer felt “burning . . . like fire in [his] eyes,” his eyes “tear[ed] up,” his vision became “blurry,” and severe pain persisted for about 20 minutes, until alleviated by medical attention. The evidence supported the conclusion that the officer felt “substantial pain” (Penal Law § 10.00 [9]), which means “more than slight or trivial pain” (People v Chiddick, 8 NY3d 445, 447 [2007]).
The elements of tampering with physical evidence (Penal Law § 215.40 [2]) were established by evidence that defendant discarded small ziploc bags as he fled from police who had observed him engaging in an apparent drug transaction. The evidence supports the conclusion that defendant committed an act of concealment (see People v Eaglesgrave, 108 AD3d 434 [1st Dept 2013]), and that although the police were unable to find these items, they were “contraband or evidence that defendant intended to prevent the police from discovering” (see People v Green, 54 AD3d 603, 603-604 [1st Dept 2008], lv denied 11 NY3d 897 [2008]).
We have considered and rejected defendant’s ineffective assistance of counsel claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Concur — Andrias, J.P, Acosta, Saxe, Renwick and ManzanetDaniels, JJ.