*604 Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at suppression hearing; Cassandra M. Mullen, J., at jury trial and sentencing), rendered March 8, 2012, convicting defendant of burglary in the second degree (eight counts) and attempted burglary in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
Defendant’s legal sufficiency claim is unpreserved, since the colloquy at a midtrial charge conference did not address the issue of sufficiency (see People v Polanco, 279 AD2d 307, 307 [1st Dept 2001], lv denied 96 NY2d 833 [2001]), defense counsel subsequently made only a general motion to dismiss that did not incorporate anything said at the charge conference (see People v Gray, 86 NY2d 10, 19 [1995]), and any specific arguments were untimely raised at the sentencing proceeding (see People v Wilkins, 111 AD3d 451 [1st Dept 2013]). As an alternative holding, we reject the legal sufficiency claims on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
Contrary to defendant’s contention, the evidence established that, in each of the eight incidents that led to burglary convictions, he entered portions of hotels without being licensed or privileged to enter, and with knowledge of that fact. Notwithstanding the absence of barriers, locked doors, or signs announcing restrictions on access, the totality of the circumstances, including defendant’s behavior, warranted the inference that he was aware of the unlicensed nature of his entry (see e.g. People v Watson, 221 AD2d 264 [1st Dept 1995], lv denied 87 NY2d 926 [1996]; People v Jenkins, 213 AD2d 279 [1st Dept 1995], lv denied 85 NY2d 974 [1995]).
The attempted burglary conviction was supported by evidence that defendant, who had previously taken property from a hotel bar when the bar was closed and being used to store luggage, entered the same hotel and headed for the closed bar. When stopped by a hotel employee, defendant stated that he was there to pick someone up, but instead departed alone. This evidence established that defendant “carr[ied] the project forward within dangerous proximity to the criminal end to be attained” (People v Bracey, 41 NY2d 296, 300 [1977]).
Defendant’s motion to suppress clothing recovered from his person after he was arrested was properly denied. The only witness at the suppression hearing was a police officer who did not observe the arrest, but subsequently recovered defendant’s *605 clothing while he was being held at the police station. However, the People met their burden to establish the lawfulness of the arrest through circumstantial evidence warranting the conclusion that the nontestifying apprehending officer acted lawfully, since the “only rational explanation” (People v Johnson, 281 AD2d 183, 183 [1st Dept 2001], lv denied 96 NY2d 903 [2001]) of the sequence of events is that the nontestifying officer arrested defendant based on probable cause supplied by a hotel employee, as described in detail by the testifying officer. In any event, any error in the court’s suppression ruling was harmless, because the fruits of defendant’s arrest were only relevant to the nearly uncontested issue of identity.
The jury charge properly tracked the statutory language of the CJI (see People v Lewis, 5 NY3d 546, 551 [2005]), and the court properly exercised its discretion (see People v Samuels, 99 NY2d 20, 25-26 [2002]) when it declined defendant’s request to add explanatory language regarding factors that could be relevant to the issue of knowing, unlawful entry. The constitutional aspect of defendant’s challenge to the charge is unpreserved, and we decline to review it in the interest of justice. As an alternate holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
Concur— Tom, J.R, Friedman, Sweeny, Saxe and Freedman, JJ.