██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SARANTAKIS, Appellant. [993 NYS2d 784]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered March 6, 2012, convicting him of burglary in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the conviction of burglary in the third degree, as the People presented sufficient evidence showing that the defendant entered the nonpublic area of a jewelry store with the intent to commit a crime therein, by stepping over or removing an obstruction and entering the area behind the front display cases and forcing open locked cabinet doors, breaking glass doors, and removing jewelry contained inside the cabinets (*see* Penal Law § 140.00 [5]; *People v Bethune*, 65 AD3d 749, 751 [2009]; *People v Barksdale*, 50 AD3d 400, 401 [2008]; *People v Thomas*, 38 AD3d 1134,

1135 [2007]; *People v Quinones*, 18 AD3d 330 [2005]; *People v Daniels*, 8 AD3d 1022 [2004]; *People v Terry*, 2 AD3d 977, 978 [2003]; *People v Durecot*, 224 AD2d 264 [1996]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the charge of burglary in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Watson*, 221 AD2d 264 [1995]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.