(June 9, 2016)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DWIGHT, Appellant. [31 NYS3d 876]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered September 2, 2014, convicting defend-

ant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports reasonable inferences that when defendant entered a closed, unoccupied office in the basement of a restaurant, from which he stole a laptop computer, he intended from the outset to commit a crime, and knew he was entering an area closed to the public (*see e.g. People v Watson*, 221 AD2d 264 [1st Dept 1995], *lv denied* 87 NY2d 926 [1996]; *People v Jenkins*, 213 AD2d 279 [1st Dept 1995], *lv denied* 85 NY2d 974 [1995]). The alternative explanations posited by defendant are speculative.

Defendant's argument that comments by the prosecutor during jury selection and in his opening statement, touching on defendant's right to testify or to refrain from doing so, violated defendant's privilege against self-incrimination is unpreserved (*see People v Tevaha*, 84 NY2d 879, 881 [1994]) and we decline to review it in the interest of justice. As an alternative holding, we find that the prosecutor's brief remarks, made in the context of the jurors' assessment of defendant's testimony, if he did testify, did not invite the jury to penalize defendant if he chose not to do so. In any event, any error in this regard was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur— Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.