■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHUS DALLAS, Appellant. [64 NYS3d 551]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered July 15, 2015, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Regardless of whether the evidence established that defendant unlawfully entered an office building as a whole, or the portion of the building constituting a private school, the evidence clearly established that defendant was not licensed or privileged to enter a teachers' lounge, where he was found rummaging through a teacher's bag. A witness testified, with a sufficient degree of certainty, that the room was marked by a sign indicating that it was for faculty only, and the evidence supports the conclusion that the room was not open to the public (*see e.g. People v Midgette*, 115 AD3d 603, 604 [1st Dept 2014], *lv denied* 23 NY3d 965 [2014]; *People v Jenkins*, 213 AD2d 279 [1st Dept 1995], *lv denied* 85 NY2d 974 [1995]). This theory was encompassed in the charge set forth in the indictment. There is no merit to defendant's interpretation of the sign as barring entry by the school's students, but permitting entry by strangers. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.