People v Poledore (2021 NY Slip Op 05092)





People v Poledore


2021 NY Slip Op 05092


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Ind No. 4675/15 Appeal No. 14195 Case No. 2019-4479 

[*1]The People of the State of New York, Respondent,
v
Born Poledore, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Rachel L. Pecker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered March 28, 2017, convicting defendant, after a jury trial, of burglary in the second degree (two counts), criminal trespass in the third degree and petit larceny (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 15 years,
unanimously affirmed.
The court providently exercised its discretion when, during his direct testimony, defendant offered various exculpatory and inconsistent explanations for his entries into the victims' apartments, it permitted the People to cross-examine defendant about his prior burglary convictions and a false exculpatory statement he had made to the police in connection with one of the prior burglaries. While the court's prior Molineux ruling precluded the use of this evidence either on the People's case or for impeachment in the event defendant testified, defendant by his testimony, put his intent in issue, thereby warranting admission of his other crimes under the intent exception of the Molineux rule (see People v Ingram, 71 NY2d 474 [1988]). Additionally, the court properly determined that defendant's testimony regarding specific prior crimes committed by defendant which were admitted under the court's initial Sandoval ruling misled the jury about his criminal record, thereby justifying admission of evidence of the additional prior crimes.
Defendant's claim that he was unfairly prejudiced because he testified in reliance on the court's prior rulings is unavailing. The court repeatedly warned defendant that its Molineux and Sandoval rulings were based on what had occurred at trial up to that point, and that those rulings could change depending upon the testimony. Defendant was specifically warned that depending upon his testimony, it could open the door to the admission of evidence of his prior crimes. Indeed, the court offered to provide an advance ruling, but defendant, who up to that point had only indicated that he was generally contesting the element of intent, declined to provide a proffer of his specific testimony.
In addition, the probative value of the evidence outweighed its potential for prejudice both under Molineux and Sandoval principles. In any event, defendant was not prejudiced, particularly in light of the court's limiting instructions. We have considered and rejected defendant's remaining arguments relating to the court's ruling.
The court also providently exercised its discretion in declining defendant's request to expand upon the Criminal Jury Instructions in defining intent under its
burglary charge (see People v Midgette, 115 AD3d 603, 605 [1st Dept 2014], lv denied 23 NY3d 965 [2014]). The CJI charge adequately conveyed the principle addressed in the additional language requested by defendant.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September [*2]28, 2021