People v Perdomo (2025 NY Slip Op 02654)

People v Perdomo

2025 NY Slip Op 02654

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Ind No. 3017/15|Appeal No. 4267-4267A|Case No. 2019-2013 2024-01975|

[*1]The People of the State of New York, Respondent,
v
Amauri Perdomo, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alvin Yearwood, J.), rendered November 29, 2018, as amended January 3, 2019, convicting defendant, after a jury trial, of manslaughter in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 50 years, and judgment, same court (Verena C. Powell, J.), rendered March 12, 2024, resentencing him to an aggregate term of 25 years, unanimously affirmed.
The court providently exercised its discretion in declining to instruct the jury on the affirmative defense of extreme emotional disturbance (EED). Defendant's actions, as described in his testimony, established a "conscious decision" to shoot at his wife's friend as an act of self-defense rather than a loss of self-control (People v Bailey, 213 AD3d 499, 501 [1st Dept 2023], lv denied 40 NY3d 933 [2023]). Far from the acts of someone "who finds himself without time to think or deliberate" (id.), defendant used an app to track down his wife, retrieved a gun from his car, returned to the car where his wife and her friend sat, and fired several shots into and outside the car, killing his wife (see People v Pavone, 26 NY3d 629, 644-645 [2015]). Defendant's post-crime conduct — fleeing the scene, staying at a hotel with his girlfriend, expressing that he wanted to kill himself because he had destroyed his family, and surrendering to police — "suggested that he was in full command of his faculties and had consciousness of guilt" (People v Baily, 213 AD3d at 501). Moreover, any error was harmless because the jury acquitted defendant of second degree murder, and because "there is no reasonable possibility that the jury, even if instructed as defendant wished, would have credited his version of the incident in the face of overwhelming prosecution evidence that the incident did not occur as defendant described it" (People v Bonilla, 57 AD3d 400, 401 [1st Dept 2008], lv denied 12 NY3d 814 [2009]).
Defense counsel failed to object to the court's rulings during his closing argument, and thus, defendant "did not preserve his contention that the court improperly limited his counsel's summation" (People v Torres, 209 AD3d 541, 542 [1st Dept 2022], lv denied 40 NY3d 952 [2023]). We decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. After counsel improperly suggested during summation that the jury would be charged on EED, the court properly sustained the People's objection and instructed the jury that it would not charge that loss of control negated the People's attempt to show intent (see People v Fernandez, 210 AD3d 693, 697 [2d Dept 2022], lv denied 39 NY3d 1072 [2023]). Moreover, any error was harmless (see People v Mairena, 34 NY3d 473, 484-485 [2019]).
Defendant preserved his challenge to the portion of the court's Allen charge stating that a new trial would be necessary if the jury failed to reach a verdict[*2]. However, his challenge to the court's statement that a new jury would be empaneled is unpreserved (see People v Rivas, 194 AD3d 429 [1st Dept 2021], lv denied 37 NY3d 1029 [2021]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court's Allen charge, which tracked the language of the model Criminal Jury Instructions, was proper (CJI2d[NY] Deadlocked Jury, available at https://www.nycourts.gov/judges/cji/1-General/CJI2d.Deadlocked_Jury.pdf; see People v Midgette, 115 AD3d 603, 605 [1st Dept 2014], lv denied 23 NY3d 965 [2014]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025